[No. 7,271.—Department One.]

## CARPENTERIA SCHOOL DISTRICT v. RUSSELL HEATH.

Dedication to Public Uses — School Trustees. — A dedication of land for a public or charitable use is good without a donee to take; and the Legislature, as well as Chancery, may appoint trustees who may maintain actions in regard to the land. *Held*, accordingly, in an action to quiet title, where it appeared that land adjoining the school premises of the plaintiff had been dedicated for public use for school purposes by the defendant, that the dedication was valid, and that the action was properly brought by the plaintiff.

Appeal from a judgment, and order denying a new trial, in the First District Court, County of Santa Barbara. Fawcett, J.

*Charles E. Huse*, for Appellant.

The trustees were not empowered to receive a dedication of the land without a vote of the district. (Stats. 1863, p. 194, § 26 ; Angell & Ames on Corp. 231 ; *Smith* v. *Morse*, 2 Cal. 524; *Neall* v. *Hill*, 16 id. 145 ; *Argenti* v. *San Francisco*, 16 id. 255.) The trustees have no interest, and cannot maintain the action.

*W. C. Stratton*, for Respondent.

Property may be dedicated for school purposes. (*Klinkener* v. *School Dist.* 11 Pa. St. 444.)

Ross, J.:

This action was brought to quiet title to a piece of land which the plaintiff claims was dedicated by the defendant for school purposes.

From evidence which was substantially conflicting, the Court below found, as the facts of the case, " that on or about January 1st, 1868, defendant dedicated to public use, for school purposes, and particularly for the use of plaintiff, the parcel of land described in the amended complaint; that defendant often declared at and about said time to the trustees of plaintiff and to other persons, that he gave said land to plaintiff for school purposes; that plaintiff accepted said dedication, and in consequence thereof erected its school building upon land immediately adjoining the land dedicated by defendant, plaintiff's trustees intending the latter as and for the play-ground of the scholars attending the school; that said building would not have been so erected at that place but for such dedication by defendant, and so defendant knew at the time; that about said date, defendant removed his fence theretofore inclosing said parcel of land so as to exclude said land from his inclosure, and leave it open to the use of plaintiff; that thereupon plaintiff, by its trustees, went into the possession of said land, and has occupied it for school purposes ever since; that soon after, defendant himself became one of the trustees of plaintiff, and as such trustee graded and improved said land, so that the same could be used for school purposes; and the cost thereof was paid out of the funds of said school district, with the knowledge and consent and upon the order of defendant; that the dedication aforesaid was not made in writing, but was made by the acts and declarations of defendants "; and upon these facts the Court below entered judgment, estopping defendant from claiming the land so long as the same should be used for school purposes.

The statement already made disposes of the objections to the findings, under the well-established rule that we will not interfere with the findings of fact when based upon evidence which is substantially conflicting.

The only other point made by appellant is, that " the trustees must act in the mode prescribed by the statute creating the corporation; and as no vote of their district enabling them to take the land in dispute is alleged to have been had, they were not empowered to receive a dedication of this land, if it had been tendered to them"; and this, it is claimed, by reason of § 26 of the Act of April 6th, 1863, which was in force at the time the

dedication in question was made, and which is as follows : " The district board of school trustees shall constitute a body corporate, and shall be intrusted with the care and custody of all school property within such district, and they shall have power to convey by deed, duly executed and delivered, all the estate or interest of their district in any school-house or site directed to be sold by vote of the district; and all conveyances of real estate which may be made to said board shall be made in their corporate name, and to their successors in office.   Said board of trustees shall have further power, directed by vote of their district, to purchase, receive, hold, and convey real or personal property for school purposes ; to build, purchase, hire, and repair school-houses, and supply the same with necessary furniture, and to fix the location of school-houses."   (Art. 6692, Hitt. Gen. Laws.) This section has no application to a *dedication* of land for school purposes.   In discussing the principle in question, the Supreme Court of the United States, in the case of *New Orleans* v. *The United States*, 10 Peters, 712, said : " It is not essential that this right of use should be vested in a corporate body ; it may exist in the public, and have no other limitation than the wants of the community at large "; and in the same case the Court asserts or assents *to* the following principles : (1) That it is not essential to a dedication that the legal title should pass from the owner ; (2) nor is it essential that there should be any grantee of the use or easement *in esse* to take the fee, such cases being exceptions to the general rule requiring a grantee ; (3) nor is a deed or writing necessary to constitute a valid dedication ; it may be by parol ; (4) no specific length of possession is necessary to constitute a valid dedication."   In *Bryant* v. *McCandless*, 7 Ohio R. 476, it was held, that dedications of land for public or charitable uses are good without a donee to take title, and that the *Legislature*, as well as Chancery, may *directly* appoint trustees, who may recover in ejectment.   (See also, 2 Dillon on Mun. Corp. § 510 ; *Klinkener* v. *School District*, 11 Pa. St. 444.)

These authorities are sufficient to establish the validity of the dedication shown to have been made in this case.

The action was properly brought by the plaintiff under § 1575 of the Political Code, which reads thus: " Every school district must be designated by the name and style of '——

district' (using the name of the district), of '—— county' (using the name of county in which such district is situated); and in that manner the trustees may sue and be sued, and hold and convey property for the use and benefit of such district."

Discovering no error in the record, the judgment and order are affirmed.

McKINSTRY, J., and McKEE, J., concurred.