Filed April 2, 1887.

---

No. 12,637.

THORN ET AL. *v.* WILSON ET AL.

REAL ESTATE.—*Grant by Owner of Right to Construct Second Story to Building.*—*Proprietary Interest.*— *Use.*—One who is granted the right to construct a second story upon a building erected by the owner of the land, "to have and own said second story" for his use perpetually, does not acquire any proprietary interest in the freehold of which such second story becomes a part.

From the Grant Circuit Court.

*R. W. Bailey* and *H. J. Paulus*, for appellants.

*A. Steele* and *R. T. St. John*, for appellees.

ELLIOTT, C. J.—This controversy arises out of the following agreement:

" Know all men by these presents, that we, Jacob Woollen and Lawrence McDonald, of Grant county, Indiana, of the

first part, and Ezra N. Oakley, A. B. Williams and Cyrus Winslow, as a committee on behalf of the order of Freemasons, parties of the second part, of said place, do hereby covenant and agree as follows, to wit: That Jacob Woollen and Lawrence McDonald agree, for and in consideration of the labor to be performed by the parties of the second part hereinafter mentioned, to erect and complete a building as far as putting in the joists, on lot No. four, block No. three, of Baldwin's addition to the town of Fairmount, Grant county, Indiana, the above to be of the following dimensions: Twenty feet by fifty feet, twelve feet story; and also grant and allow the said parties of the second part to build and complete a story twelve feet high, twenty feet wide and fifty feet long, on the top of the above mentioned first story of said building, to have and own said second story of said building for the use of the parties of the second part perpetually; also, a stairway in the southwest corner of said building, four feet wide; and the parties of the second part hereby agree, for and in consideration of the use and ownership of the said second story of said house, to build, in a workmanlike manner, the said second story and complete it, and also to build and complete the said stairway."

The building was erected by the parties, and the second story was for a time used and occupied by a Masonic lodge. The appellants claim as grantees of Oakley, Williams and Winslow, and contend that their grantors acquired the ownership of the second story of the building erected under the contract, and that their interest was assignable. The appellees, on the other hand, contend that the grantors of the appellants acquired no right of ownership in the property, but acquired a mere easement, vesting in them a right to perpetually use the second story of the building, and that when the use terminated all their interest in the building was gone, so that they could convey none by deed.

It is quite clear that the part of the building erected by the appellants' grantors does not fall within the rule de-

clared in *Rogers* v. *Cox*, 96 Ind. 157 (49 Am. R. 152), and kindred cases. This is so because the contract on its face shows such an annexation to the freehold as to make it impossible to separate the part erected by appellants' grantors without a partial destruction of the other part of the building, and in such a case the part annexed is regarded as part of the freehold, and not as personal property. 1 Washburn Real Prop. 4.

It is evident that the instrument relied on by the appellants does not convey an interest in the land, for it is quite clear that if the building should be totally destroyed the rights of the appellants, and of their grantors as well, would at once terminate.

The complaint proceeds upon the theory that the appellants are the owners of the real estate, and on this theory they must recover, or not recover at all. It is an elementary rule that the recovery must be upon the case made by the complaint, and as the special finding shows that the appellants are not the owners of the land, or any part of it, the case made by the complaint is not sustained. It is true that there may be a freehold interest in part of a building. 1 Washburn Real Prop. (5th ed.) 18. The instrument before us, however, grants a mere use and not a proprietary interest in the *corpus* of the property, and upon such a grant a proprietary interest in the real estate itself can not be recovered. Whether the appellants might maintain an action to establish and protect an interest in the building in the nature of an easement, is not the question before us and we give no opinion upon it. What we do decide is, that an action to recover the building as part of the land can not be maintained, for where a mere right to use is granted, no proprietary interest in the *corpus* of the land is conveyed.

Judgment affirmed.

Filed April 6, 1887.