School-Dist. No. 2 v. Hart.

GROESBECK, C. J., and MERRELL, J., concur.

SCHOOL-DIST. No. 2 OF JOHNSON COUNTY v. HART.

(October 26, 1891.)

LICENSE — ABANDONMENT — RIGHT TO EQUITABLE RELIEF.

Where a school-district, after going upon land and erecting a school-house, under a license and promise of the person in possession that, if it should erect a building and use it for school purposes, he would, on obtaining a patent, deed to the district the lot on which the building was erected, entirely abandons the use of the premises for school purposes, it is entitled to no equitable relief on the revocation of the license, the fact that the title was in dispute and litigation being no excuse for such disuse so long as it was in possession and control, and in no wise prevented from using the premises.

### ON REHEARING.

A judgment takes effect upon the rights of the parties as they exist at the time of the trial, and not as they existed at the time of the suit.

Appeal from district court, Johnson county; M. C. SAUFLEY, Judge.

Suit by school-district No. 2, in the county of Johnson, against Juliet W. Hart, to enforce the conveyance of real estate, and to enjoin an action of ejectment therefor.   Decree for defendant, and complainant appeals.   Affirmed.

Charles N. Potter and J. J. Orr, for appellant.   William Ware Peck and Carroll H. Parmelee, for appellee.

CONAWAY, J.   The litigation in this cause arises in regard to certain land in the town of Buffalo, Johnson county, Wyo., claimed and held by the complainant, school-district No. 2, under an alleged donation by Verling K. Hart, since deceased.   The cause is similar in many of its facts to the case of Metcalf v. Hart, 27 Pac. Rep. 900,[1] (decided at the present term.)   But, in our view, the controlling considerations are entirely different.   It is apparent from the testimony that the alleged donation was a dedication to the public use for school purposes.   The ground is uniformly spoken of by the witnesses as a place for a school-house and school.   It is also shown by testimony introduced by complainant that the premises have not been used for school purposes since April, 1886.   Such being the case, the property reverts to the grantor or his legal representatives.   The entire disuse of the premises for school purposes is not excused by the mere fact that the title was unsettled, or even in litigation.' Complainant was at all times during such litigation, and still is, in possession and control of the premises, and has not been prevented from using them by any legal process or any other means whatever.   Complainant also claims under an alleged written contract of defendant with

―――――――

[1] Ante, 513.

Kingen v. Kelley.

the people of Buffalo, of date September 20, 1883. For reasons stated in our opinion in the case of Metcalf v. Hart, supra, this contention cannot be sustained. The decree of the district court is in favor of defendant, dissolving temporary injunction, dismissing complainant's bill of complaint, and giving judgment against complainant for costs. Said decree is affirmed.

GROESBECK, C. J., and MERRELL, J., concur.

### ON REHEARING.

(April 19, 1892.)

CONAWAY, J. In support of the motion for a rehearing, it is contended that nonuser or abandonment of realty, dedicated to public use, does not cause it to revert to the dedicator. This proposition is ambiguous, and does not state the general rule correctly. The cases cited in support of the proposition, with one exception, are cases of dedications for streets, public parks, and wharves. In these cases, easements attach in favor of neighboring estates. But when such streets, parks, or wharves are vacated by proper authority the land reverts. Under our school laws, no easements attach to school district property in favor of other estates. The district school board may sell the property when they have acquired the title, or vacate it, or cease to use it for the purposes of the dedication whether they have acquired the title or not. This they have done in this case. No one has attempted to prevent it, or questioned their authority to do it. We treat the property in question as dedicated property. This is the most favorable view for appellant and complainant that the evidence admits of. If appellant acquired any right to the property, it was by dedication. The case of School Dist. v. Heath, 56 Cal. 478, is relied on. As in the case at bar, there was in that case a dedication to public use for school purposes, by parol, of realty to which the dedicator had not at the time obtained title. But here there was a continuous use for school purposes. The dedicator attempted to reclaim the property. He was enjoined from doing so, "so long as the same should be used for school purposes." The case sustains the decision in the case at bar.

It is also contended that a judgment should settle the rights of the parties as they existed at the commencement of the suit. We do not so understand the rule.

A judgment should settle the rights of the parties as they exist at the time of the trial and judgment. If supplemental pleadings become necessary, our Code is liberal in allowing them to be filed at any time. This rule was evidently well understood by the parties to the suit. The scope of the evidence reaches up to the time when it was taken. The motion for rehearing is denied.

GROESBECK, C. J., and MERRELL, J., concur.