## COPPOCK v. AUSTIN.

[No. 4,498.   Filed December 16, 1904.]

1.   QUIETING TITLE.—*Allegation of Fee-Simple and Proof of Equitable Title.*—The plaintiff in an action to quiet title must set out the nature of his title, and if a fee-simple title is alleged, recovery can not be had on proof of an equitable title.   p. 322.

2.   ESTATES.—*Fee-Simple.—Statute of Uses.—Construction.*—Where land is bought by a father, paid for with his money, title taken in his name, rented by him, taxes paid by him, no contract made as to transferring title to anyone, no trust declared in the deed nor otherwise, and no attempt to do so, though he told his daughter it would be hers, and that he bought it for her, and she made improvements on it with his knowledge and consent, still, such title does not pass under the statute of uses to such daughter, since the father has more than a nominal title, and also has the power of disposition and management thereof.   p. 322.

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Catherine E. Austin against Sarah A. Coppock.   From a decree for plaintiff, defendant appeals. *Reversed.*

*B. C. Moon* and *Charlton Bull,* for appellant.

*L. J. Kirkpatrick, J. F. Morris, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellee.

MYERS, J.—This action was begun in the Howard Circuit Court, and on change of venue tried before a jury in the Tipton Circuit Court. The appellee's complaint is in two paragraphs. The first paragraph avers fee simple title in appellee; that she is entitled to the immediate possession of certain described real estate in Howard county, Indiana; that appellant and one Joshua B. Freeman, executor of the estate of Aaron Coppock, deceased, unlawfully keep appellee out of possession thereof. In the second paragraph appellee alleges that she is the owner in fee simple of the real estate in question, and that appellant Sarah A. Coppock and one Joshua B. Freeman, as executor of the estate of Aaron Coppock, deceased, are claiming some interest in the real estate adverse to appellee's rights therein, which claim is without right, and is a cloud upon her title. To this complaint appellant filed an answer in general denial. Joshua B. Freeman, as executor, filed a disclaimer. Trial, finding and judgment in favor of appellee on both paragraphs of complaint. Sarah A. Coppock appeals, and in this court insists that the Tipton Circuit Court erred in overruling her motion for a new trial.

We have carefully read all the evidence given in the cause, and, in our opinion, the evidence tends to prove that Aaron Coppock was the husband of appellant, and for some years prior to December, 1898, the date of his death, he resided in Howard county, Indiana. In the year 1894 or 1895, appellant and her husband, not being satisfied with the then situation of their children, three in number—two daughters and one son—undertook to assist them to a more comfortable support. At this time Aaron Coppock was the owner of two farms in Howard county, Indiana, and a house and five acres of real estate in or near the town of Greentown, in said county. One farm consisted of seventy-nine acres, on which he placed his son; on the other farm of sixty-three acres he placed one of his daughters. He made no deed to either of said children. After making

the arrangement, as above set forth, he set about to purchase a farm on which to place appellee, and in the year 1894, or the first of the year 1895, in the presence of this appellant, he gave his daughter, the appellee, her choice between two farms, each containing forty acres—one farm better improved, in the way of buildings, than the other. At the suggestion of appellant, appellee chose the one having the best buildings thereon, and which is the farm now in question. Aaron Coppock bought, and with his own money paid for, the farm which appellee had selected, and took the title thereto in his own name, receiving a deed therefor on January 22, 1895. At the time Aaron Coppock purchased said farm, it was in the possession of a tenant under contract from Coppock's grantor. This tenant continued in possession of the farm for about one year thereafter as the tenant of Aaron Coppock. In March, 1896, appellee took possession of the farm in question, and remained there until March, 1900—the last year under a lease from appellant to appellee's husband, John Austin. Since March 1, 1900, the farm has been in the possession of appellant. Aaron Coppock, until his death, paid the taxes on the land. The record title to the land was in Aaron Coppock at the time of his death. Appellee never objected to her father's holding the title, nor made any demand on him for a deed. Aaron Coppock told his daughter he had bought the land for her, and to others he made similar statements; adding that it would be his daughter's when he was through with it. Aaron Coppock did not have sufficient money to pay for the land in cash at the time of the purchase by him, and it was agreed between appellee and her father that, until such time as the land was paid for, she should deliver one-half of the crops to him, and, after the farm was paid for, she was to deliver one-third of the crops raised on the premises to her father during his life; that while appellee was in possession of the real estate, with some assistance from her father, she made lasting and valuable improvements thereon

in the way of repairing the house, building a veranda thereto, building new fences, setting out fruit trees, and making some other small improvements thereon; that appellee took possession of the land and made the improvements under the belief, and relying upon the promise made by her father to her, that the farm was bought for appellee, and that she should never be compelled to move therefrom; that appellant knew of these facts, and was a party to the arrangement, and consented thereto. The evidence further tends to show that appellee performed her part of said general arrangement.

The appellant by her motion for a new trial contends that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

1. Section 1066 Burns 1901, §674 R. S. 1881, requires the plaintiff to state in her complaint the interest claimed in the real estate. In an action to quiet title, facts must be averred showing title in plaintiff. *Chapman* v. *Jones* (1898), 149 Ind. 434. The proposition that the appellee in this action must recover upon the strength of her own title is so well settled and understood as to require no citation of authority to support it. The appellee, by her complaint, stated her title to the real estate in no uncertain words. She avers her interest to be the highest estate known to the law—an estate without any condition or limitation whatever. Having based her cause of action on this title, she will not be permitted to recover on proof of an inferior title, or by proof of an equitable title. *Slehman* v. *Crull* (1866), 26 Ind. 436; *Rowe* v. *Beckett* (1868), 30 Ind. 154, 95 Am. Dec. 676; *Groves* v. *Marks* (1869), 32 Ind. 319; *Hunt* v. *Campbell* (1882), 83 Ind. 48; *Stout* v. *McPheeters* (1882), 84 Ind. 585; *Johnson* v. *Pontious* (1889), 118 Ind. 270; *Hersey* v. *Lambert* (1892), 50 Minn. 373, 52 N. W. 963; *Fenn* v. *Holme* (1858), 21 How. 481, 16 L. Ed. 198.

2. Appellee's position is that Aaron Coppock had only

a transitory seizin of the property; that he had "no power of disposition or mangement of the real estate," and that by the statute of uses she was vested with the legal as well as the equitable title; citing §3403 Burns 1901, §2981 R. S. 1881.   This statute provides: "A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary."   We fail to see how this statute applies to the case at bar.   Here the purchase money was all paid by Aaron Coppock.   The record title was lodged in him by the deed from Ball.   He assumed Ball's contract with the tenant, receiving the rent as the landlord for more than a year before appellee pretended to assume any dominion over the farm at all, and then only upon the condition that she pay a certain share of the crops raised thereon.   He continued to pay taxes on the farm out of his own means as owner thereof.   There is no semblance of a contract that he should take the title to the land only as a means of transferring title, or that he took the conveyance without consideration, under an agreement to convey to appellee.   No trust is expressly declared in the deed in favor of anyone, and no attempt to do so.   We can not agree with appellee in her contention of transitory seizin of the title in Aaron Coppock.   It is sufficient to say the proof fails to establish in appellee a fee simple title. The evidence must support the theory of the pleadings, or relief can not be granted; or, in other words, "a party can not seek relief on one theory and then ask to have relief given on another theory."   *Lewis* v. *Stanley* (1897), 148 Ind. 351; *Pittsburgh, etc., R. Co.* v. *O'Brien* (1895), 142 Ind. 218.

The court erred in overruling appellant's motion for a new trial.   Judgment reversed.