## Danforth *v.* Meeks.

[No. 21,986.   Filed October 27, 1911.]

1. QUIETING TITLE.—*Legal and Equitable Titles.—Recovery.*—The plaintiff in a quiet title case cannot allege a legal title and recover upon an equitable one.   p. 402.

2. QUIETING TITLE.—*Equitable.—Complaint.*—A complaint to quiet an equitable title may set out all the facts constituting such title. p. 402.

3. QUIETING TITLE.—*New Trial as of Right.*—Where the plaintiff's complaint to quiet title consisted of two paragraphs, the first

alleging a legal, and the second alleging an equitable title, further praying that defendant be enjoined from selling or disposing of the land in dispute, and defendant in a cross-complaint asked that her title to the same land be quieted, and the decree quieting the title gave half to plaintiff and half to defendant, a new trial as of right is demandable. p. 402.

From Pulaski Circuit Court; *Francis J. Vurpillat,* Judge.

Suit by John E. Meeks against Martha A. Danforth. From the decree, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*Burson & Burson,* for appellant.

JORDAN, C. J.—This suit was commenced by appellee to quiet his title to certain lands situated in Pulaski county, Indiana. The complaint is in two paragraphs. The first is in the usual form for quieting title under §1116 Burns 1908, §1070 R. S. 1881. The second paragraph alleges facts by which plaintiff claims an equitable ownership in the lands therein described. The relief demanded by each paragraph is that the title to the lands be quieted, and for all other and proper relief, and that defendant be enjoined from disposing of said lands. Defendant answered the complaint by a general denial. She also filed a cross-complaint, by which she demanded that her title be quieted. Upon the pleadings in question the issues were joined, and the cause was submitted to the court for trial. The court found that under an agreement between plaintiff and defendant a resultant trust was created in the real estate in controversy; that defendant, as trustee, held an undivided half thereof in trust for plaintiff, and owned the other undivided half herself. Upon the finding the court entered a decree that plaintiff and defendant are the owners of the real estate in controversy; that defendant holds in her own name, in trust for plaintiff, the title to an undivided half of said real estate, and that such trust should be and is hereby declared;

and that defendant owns only the undivided half thereof in her own right.

After the entry of the decree, defendant filed a motion for a new trial as of right and an undertaking as required by the statute, which undertaking was approved by the court. The court overruled defendant's motion for a new trial as of right, to which she excepted. She appeals, and the only error assigned is that the court erred in overruling her motion for a new trial as of right.

Appellee has failed to file any brief or present any argument in support of the ruling of the trial court. We are advised, however, by appellant's brief that the contention of appellee in the lower court was that because the second paragraph of the complaint alleged that appellant held the land described in trust for appellee, therefore the action was not one to quiet title, and consequently the right to a new trial as of right did not apply. Of course appellee, as plaintiff below, could not have recovered upon the first

1. paragraph of his complaint, wherein he set up a legal ownership to the lands, if upon the trial the facts established disclosed that he was only the equitable owner of the lands. *Johnson* v. *Pontious* (1889), 118 Ind. 270, and authorities cited; *Ryason* v. *Dunten* (1905), 164 Ind. 85.

In a suit to quiet title, if an equitable title is claimed by the plaintiff, all the facts that go to maintain such

2. title may be alleged and shown in the complaint. *Grissom* v. *Moore* (1886), 106 Ind. 296, 55 Am. Rep. 742.

It is manifest from the record in this case that the main object of the parties in this suit is to establish their title to the lands in question. This object on the part of

3. appellee is shown by his complaint, and on the part of appellant it is disclosed by her cross-complaint. The case is similar to the case of *Hunter* v. *Chrisman* (1880), 70 Ind. 439. The latter case was a suit by the wife against

her husband and his judgment creditors to vest in her the legal title to certain real estate conveyed to him of which she claimed to be the equitable owner, by reason of the alleged fact that the husband had purchased the land with her money and had taken legal title in his own name, without her knowledge or consent. She also sought to enjoin her husband's creditors from selling the land on their executions and sought to quiet her title against the lien of their judgment. The creditors of the husband in that action claimed that the land belonged to the husband both legally and equitably, and that they had a right to subject it to sale for the payment of their judgment. This court in that appeal held "that there was such a conflict of claims in respect to the land as to bring the case within the statute allowing either party a new trial as a matter of right." The judgment below was accordingly reversed, with instructions to the lower court to grant the application made for a new trial as of right.

While the decree in the case at bar does not in express language order that the title to the land in dispute be quieted, still the effect of the decree, impliedly at least, is to quiet the title of each party to the premises as against each other. *Miller* v. *Evansville Nat. Bank* (1884), 99 Ind. 272.

Appellant, under the facts in this case, was legally entitled to a new trial as of right, and the court could not exercise any discretion in denying the application. *Hipes* v. *Doherty* (1911), *ante*, 379.

For the error of the court in denying appellant a new trial as of right, the judgment below is reversed, and the cause remanded, with instructions to the lower court to sustain the application for a new trial as of right.