### CARTER *v.* SCHOOL TOWNSHIP OF LIBERTY ET AL.

[No. 9,929. Filed June 20, 1919.]

SCHOOLS AND SCHOOL DISTRICTS.—*Property.*—*Grant for School Purposes.*—*Abandonment of Use.*—*Effect.*—Where land was granted to the trustee of a school township on condition that it should revert to the grantors whenever it ceased to be used for school purposes, the grantor is entitled to retake the property, where it ceased to be used for the purpose set forth in the grant, regardless of the fact that the township trustee, acting under §6422 Burns 1914, Acts 1907 p. 444, which was enacted after the grant, abandoned the school because the average daily attendance was twelve pupils or less, as the conditions embraced in the conveyance could not be affected by subsequent legislation.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by John A. Carter against the School Township of Liberty and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Bell & Dickey* and *R. L. Ewbank,* for appellant.
*Orlo L. Cline,* for appellees.

McMAHAN, J.—This is an action commenced in May, 1916, by appellant, to quiet his title to a tract of one acre upon which stands a building which was erected for a schoolhouse. It appears from the evidence that in 1897 appellant and his brother owned adjoining eighty-acre tracts of land, and in that year

each deeded adjoining half-acre tracts, to the school trustee, and his successors in office, each of said deeds containing the following provision: ''Whenever this property ceases to be used for school purposes it is to revert to the grantors herein, their heirs or assigns.'' Appellant's brother has since died, and appellant purchased his brother's eighty acres and moved thereon, and has purchased by quitclaim deed all rights of his brother's heirs in the half-acre tract deeded by the brother.

The township trustee in the spring of 1913 discontinued and abandoned this school, for the reason that during the previous school year the average daily attendance had been fewer than twelve. Harlin Haisley, who was the township trustee from 1909 to January 1, 1915, testified that when he discontinued the school it was temporarily abandoned; that in 1914 the parents residing in that school district filed a petition with him, asking that the school be opened again; that the enumeration was taken, and that there were only seven or eight pupils in the district; that he could not under the law open the school at that time; that the only reason the school was discontinued was on account of there not being a sufficient number of pupils; that, if there had been enough pupils in this district the school would not have been closed. This school is in district 14. The building cost about $3,000 and is in a fair state of preservation. The seats were taken out in 1914. The pupils were enumerated each year as belonging to district 14, but were attached to another district for school purposes. The appellant took possession of the building and real estate about a year before this action was commenced.

Judgment having been rendered against the appel-

lant, he filed a motion for a new trial, wherein he challenged the decision of the court on the grounds: (1) That it is not sustained by sufficient evidence; and (2) that it is contrary to law.

Appellee contends that it was forced to discontinue the school by reason of the provision of §6422 Burns 1914, Acts 1907 p. 444, which requires that all schools shall be discontinued and temporarily abandoned when the average daily attendance during the preceding year has been twelve pupils or fewer, and that the decision of the court was therefore correct. The statute referred to was enacted in 1907 and amended in 1909. It is our judgment that this statute has no bearing upon the question before us. The rights of the parties were fixed by the conditions mentioned in the deeds conveying the property to appellee, and those rights cannot be impaired by subsequent legislation. It is the duty of the court to decide this case without giving consideration to the said statute. That the appellee ceased to use the property for school purposes cannot be denied. The fact that the cessation was brought about by virtue of the statute can make no difference. The property had not been used for school purposes since the spring of 1913, a period of more than three years. Our judgment is that the evidence shows, without conflict, that the appellees intentionally ceased to use the property in controversy for school purposes, and that the court erred in overruling the motion for a new trial. See *Fall Creek School Tp.* v. *Shuman* (1913), 55 Ind. App. 232, 103 N. E. 677.

Judgment reversed, with direction to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.