JORDAN *v.* HENDRICKS, TOWNSHIP TRUSTEE, ET AL.

[No. 14,001. Filed November 14, 1930.]

*Blessing & Stevenson,* for appellant.
*Hume & Gaston* and *J. Burdette Little,* for appellees.

NICHOLS, J.—Suit by appellant to quiet title to one acre of real estate in Center Township, Hendricks County, Indiana. To the complaint in one paragraph, appellee Center School Township filed answer in general denial and cross-complaint, asking that title to the real estate in question be quieted in Center Township.

The facts were agreed upon and were submitted to the court for trial and are in substance: On April 1, 1856, John D. Burks was the owner of the real estate involved which was a part of a 173-acre tract then owned by him; on that day, his wife joining, he executed to the trustees of said Center Township a deed in writing for said one acre, which was thereafter duly recorded; on October 11, 1856, Burks and his wife executed to Aquilla Jordan their warranty deed conveying to him the 173 acres more or less, in Center Township, which said 173-acre tract included the one acre here involved; on February 7, 1923, George Jordan, executor of the last will of Aquilla Jordan, conveyed said real estate to appellant by executor's deed, which real estate included the one acre here involved; in May, 1928, appellee Hendricks, as trustee of Center School Township, and appellees Record, Roberts and Scearce, members of the advisory board, and appellee Center School Township

ceased to occupy and use said one acre for school purposes, and the same has not been used for school purposes since that date.

On March 28, 1929, appellees, except appellee Riggen, offered for sale the one-acre tract and entered into a contract with appellee Riggen to convey the same to him upon furnishing him an abstract showing merchantable title thereto in Center School Township.

Appellees and each of them deny that appellant has any interest in said one-acre tract and have refused his demand for possession thereof. The trustees named in the deed by the Burks, for and in behalf of said township, shortly thereafter entered into possession of the one-acre tract, and, out of the funds belonging to the township, erected a schoolhouse thereon, and said building and the present building and the grounds were used and occupied by Center School Township for school purposes until the year 1928, at which time the school was discontinued by the trustee of said township for the reason that there were too few pupils in the school district in which said building was situated and no school has been conducted therein since that date.

On February 27, 1929, a petition signed by a majority of the voters for school purposes then residing within the school district in which the building was situated at the time when school was conducted therein, requesting the trustee of said school township to sell said school property, as the property of Center School Township, was filed with the township trustee. Said trustee gave due notice by publication and posting that he would, on March 28, 1929, offer said school property for sale to the highest and best bidder therefor, and the funds derived from the sale thereof were to be placed to the credit of the special school fund of said Center School Township.

The deed by the Burks to the township contained a provision that the grantees were "to have and to hold

the same with all the privileges and appurtenances belonging thereto unto the said trustee and his successors in office forever, upon the conditions and stipulations following: That the said parcel of land shall be used and held by said trustees and their successors in office for school purposes; and the same shall not be alienated or diverted from the purposes of this grant. And further that said trustees shall build or erect a fence on the lines aforesaid East and North adjoining said Burks' land as early as may be practicable and convenient." The deed from the Burks to Aquilla Jordan conveyed the 173-acre tract, "except an incumbrance given on one acre for school purposes and described in a lease given by John D. Burks to Township Trustees of Center Township in said county."

Upon these facts, the court found against appellant, on both the complaint and the cross-complaint, and rendered judgment accordingly. The error assigned is the court's action in overruling appellant's motion for a new trial, the reasons for which being that the decision of the court is not sustained by sufficient evidence and is contrary to law.

It clearly appears by the stipulated facts herein that the acre of land involved was, on April 1, 1856, conveyed by warranty deed to the trustees of Center School Township, Hendricks County, Indiana, and their successors in office forever, upon condition that it be held and used by such trustees and their successors in office for school purposes, and that it should not be alienated or diverted from the purposes of the grant; that, pursuant to the terms and stipulations of the grant, such trustees took immediate possession of the land, erected a schoolhouse thereon, which was used for school purposes until the year 1928, when such use was discontinued for the reason that there were too few pupils, under the law, to justify its further use for such purposes; that thereafter, upon

due petition of a majority of the voters of the district, the trustee gave notice of the sale of such land, and his intention to place the funds derived from the sale thereof to the credit of the special school fund of the township. At the time this action was commenced, the land had been used for school purposes continuously for more than 70 years. We may well presume, whatever may have been the inducement to the grantor to cause such stipulation to be placed in his deed, whether convenience of school, enhancement of the value of his land, or what not, such inducement has long since passed away, and the benefit of the condition has been fully realized. By such long continued use, the condition has been fully complied with. The question here involved has been fully considered in *Sheets* v. *Vandalia R. Co.* (1920), 74 Ind. App. 597, 127 N. E. 609, and, on the authority of that case, and others there cited, we hold that appellant may not recover herein.

Judgment affirmed.

Enloe, J., not participating.