HUGHES ET AL. *v.* COOK, TRUSTEE OF RICHLAND SCHOOL TOWNSHIP

[No. 18,637.   Filed December 6, 1955.]

*Whitehead & Whitehead,* of Anderson, for appellants.

*Bohannan & Burton,* of Anderson, for appellee.

PFAFF, J.—This is an action by the appellee on an amended complaint in two paragraphs, the first of which alleges that he was the Trustee of Richland School Township, Madison County, Indiana, and that said School Township is the owner in fee simple of certain real estate in which appellants claim an interest adverse to the rights of appellee. Appellee asks that title to said real estate be quieted in the Richland School Township and against the claim of the appellants. The second paragraph of the amended complaint sought damages because of trespass by appellants. Appellants

filed answer and counter-claim alleging title to said real estate, payment of taxes, erection of a fence to facilitate school use, abandonment of the real estate by appellee and for judgment quieting title in appellants against the appellee.

The issues were formed by appellee's answer to appellants' affirmative answer. Trial was had by the court upon the filing, introduction and admission in evidence of a stipulation of facts, including an abstract of title, plus a supplement to the stipulation of facts, all of which constituted the evidence.

Judgment was made and entered "that the appellee is the owner in fee simple of the real estate in question, that the appellants' claim is without right and appellee's title is hereby quieted."

Appellee has not been damaged by appellants. Judgment against appellee under paragraph two of the amended complaint. The court found that the appellants are not the owners of the real estate in question, judgment against the appellants on their cross-complaint.

Errors assigned for reversal is the overruling of the appellants' motion for new trial, grounds for which motion are:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court on the complaint is contrary to law and the decision of the court on the cross-complaint by way of paragraphs 3, 4 and 5 of the answer is contrary to law.

3. The decision of the court on the cross-complaint by way of paragraphs 3, 4 and 5 of the answer is not sustained by sufficient evidence.

The evidence in this case is undisputed and consists of an agreed stipulation of facts, abstract of title and

a supplement to the stipulation of facts. The material facts are as follows:

1. The land, including the real estate in question, was conveyed to Thomas Thornburgh in 1859. It was used for school purposes commencing in 1889 until 1950. There is no record that it was transferred to appellee's predecessor for such purpose.

2. Chase Davis and Mary O. Davis, who were heirs of Thomas Thornburgh, received land adjoining the real estate in question by a partition judgment among the heirs of Thomas Thornburgh in 1902. Said partition judgment included the following language: "Excepting therefrom the *scholl* lot within said description," and there was no record of any transfer of the real estate in question through that judgment nor of any other transfer of said real estate to and from the heirs of Thomas Thornburgh.

3. Chase David conveyed his interest therein to Jane Davis, one of the heirs of Thomas Thornburgh in 1910. Said conveyance included the following language: "Excepting therefrom the school lot within said description."

4. Jane Davis and Mary O. Thompson (nee Davis) and husband, Oscar S. Thompson, conveyed the land in question to Monroe Mills in 1910. Said conveyance included the following language: "except the part occupied for school purposes."

5. Jane Davis and Mary O. Thompson (nee Davis) executed a quit-claim deed to Monroe Mills in 1911, setting forth the same real estate as described in the warranty deed, but no mention was made of a school lot.

6. Monroe Mills and wife, Sarah C. Mills, conveyed the real estate in question by warranty deed in 1919 to Thurell W. Bronnenberg and wife, Clara A. Bronnen-

berg. In this instrument appears the following: "and these grantors do convey and quitclaim to this grantee for $1.00 that part of the above described real estate occupied for school purposes."

7. Thurell W. Bronnenberg and Clara A. Bronnenberg conveyed the real estate in question to Charles F. Kinley and his wife, Lillie F. Kinley, in 1935. (No specific mention is made of the land used for school purposes.)

8. Charles F. Kinley and Lillie F. Kinley conveyed the real estate to Ollie B. Badgley and wife, Ruth Badgley, in 1936.

9. Ollie B. Badgley and Ruth Badgley conveyed land, including the real estate in question, to the appellants Ralph C. Hughes and Euveda B. Hughes, in 1941, which conveyance included the following language: "This conveyance is made subject to so much of the northwest quarter of the southeast quarter of Section Thirty-two, as is used for school purposes."

10. Ollie B. Badgley and Bertha V. Badgley, husband and wife, executed quitclaim deed to Ralph C. Hughes and Euveda B. Hughes, land including the real estate in question. Ruth Badgley executed a similar deed shortly thereafter to the appellants.

The stipulation of facts further includes a drawing, which is unrecorded, but it was made a part of the abstract for the purpose of defining the location and metes and bounds of the real estate which is the subject of this cause of action.

There is no showing in the records of the Madison County Auditor, Assessor, Surveyor or Treasurer that the real estate is listed in the name of the appellee.

The Assessor's Plat Books for Richland Township, which are also a part of the records of the Auditor's office, show that the appellants are the owners of the

real estate. The transfer book, Richland Township, which is a part of the records of the Auditor's office, shows that the appellants are the owners of the real estate. Lee's Plat of Richland Township, which is a part of the records of the Surveyor's office, shows that appellants are the owners of the real estate. The records of the Auditor's office and the Treasurer's office show that the appellants and their predecessors have paid in full the taxes on the real estate.

Supplemental stipulation of facts reveals that the real estate was used for school purposes during the period of time from 1889 and 1950. In 1950 the use of said real estate for school purposes was abandoned and subsequent to 1950 the appellee had offered to the public for sale any and all rights which he might have in and to the real estate.

We believe the questions before this court are:

1. Does the evidence sustain the judgment that appellee was the fee simple owner of the real estate in question?

    (a)   Could appellee acquire title to this property by adverse possession when it was originally granted permission to use it for school purposes?

    (b)   What effect did the abandonment of the property have as to title of the parties?

2. Does evidence sustain the judgment that appellants are not the owners?

We proceed to a consideration of the law which guides our determination of the questions presented by this appeal. The complaint alleges that the appellee had a fee simple title to this real estate. In an action to quiet title to real estate the plaintiff must prevail on the strength of his own title. The failure of the defendant to establish title to the real

estate in question can furnish no ground for a recovery by a plaintiff. *Graham et al.* v. *Lunsford et al.* (1897), 149 Ind. 83, 48 N. E. 627; *Chapman et al.* v. *Jones et al.* (1898), 149 Ind. 434, 47 N. E. 1065, 49 N. E. 347; *Ragsdale et al.* v. *Mitchell* (1884), 97 Ind. 458.

Whenever in an action of ejectment or to quiet title the complaint or cross-complaint alleges a legal title, a recovery cannot be had by proof of an equitable title. The foregoing were cases to recover the possession of real estate but all the provisions of the statute in regard to actions to recover the possession of real estate apply to actions to quiet title. The same general rules govern a cross-complaint that govern a complaint. *Johnson* v. *Pontious* (1888), 118 Ind. 270, 20 N. E. 792, with authorities. Plaintiff or cross-complainant who pleads a legal title cannot recover on proof of equitable title. *Coppock* v. *Austin* (1904), 34 Ind. App. 319, 72 N. E. 657; *Grissom et al.* v. *Moore et al.* (1885), 106 Ind. 296, 6 N. E. 629; *Danforth* v. *Meeks* (1911), 176 Ind. 400, 96 N. E. 153; Lowe's Revision of Works' Indiana Practice, Vol. 1, p. 514.

The supplemental stipulation of facts, paragraph 7, recites: "There is no showing under the records of Madison County Auditor, Assessor, Surveyer or Treasurer that (here follows description) the real estate is listed in the name of the plaintiff."

In the complaint the appellee alleges legal title to the land. He proved no such title and so he could not have a decree quieting title in himself. *Sawyer et al.* v. *Kleine* (1938), 118 Ind. App. 616, 82 N. E. 2d 533.

In the case of *The Indianapolis, Peru & Chicago R. W. Co.* v. *Hood et al.* (1879), 66 Ind. 580, there was a deed from appellee's ancestor which provided as follows:

". . . That the said party of the first part for and in consideration of the permanent location and construction of the depot of said railroad at Peru, in the county of Miami, Indiana, on the lots hereinafter named, upon such or so many or such parts thereof as the said railroad company shall elect, have given, granted, conveyed, and by these presents do give, grant, convey and confirm, unto the said party of the second part, lots numbers sixty-one, sixty-three, sixty-four, sixty-five, sixty-six, sixty-seven, sixty-eight, sixty-nine and seventy, in the Hood Addition to the town of Peru, in the county of Miami aforesaid, which said several lots were the property of said Sophia C. Noel, and are now conveyed by the said party of the first part to the said parties of the second part for a site for the depot of said railroad, at Peru aforesaid, together with all the privileges and appurtenances thereunto belonging, to have and to hold the premises aforesaid, with the appurtenances, to the said party of the second part, for the purposes aforesaid."

In sustaining the judgment of the trial court the Supreme Court said:

". . . We are clearly of the opinion that this breach of the condition subsequent in the said deed of Sophia C. Noel worked a forfeiture of the appellant's estate in said lots under said deed, and rendered them subject to be recovered back by the appellees, as the heirs at law of said Sophia C. Noel, either at law or in equity." (Citing authorities.)

It is noted that there was no specific reversion clause in the deed in that case.

In the cases of *Carter* v. *School Township of Liberty et al.* (1919), 70 Ind. App. 604, 123 N. E. 645; *Fall Creek School Township of Madison County* v. *Shuman* (1913), 55 Ind. App. 232, 103 N. E. 677, there was a reversion clause in the deeds. How-

ever, it seems to us this is not material on the record herein. A deed conveying the grantees named therein a joint estate upon conditions that the premises should be used solely for erecting, furnishing, keeping and maintaining thereon an academic or collegiate school, etc., and for no other purpose, creates a conditional estate in the grantees and a re-entry clause is not essential to authorize the grantor to terminate the estate by re-entry after a substantial breach of the conditions. In construing a condition subsequent "the intention of the grantor governs." The failure to maintain the school specified for the period of five years or the entire abandonment of the property establishes a breach for which the property reverts upon the re-entry of the grantor. *Papst* v. *Hamilton et al.* (1901), 133 Calif. 631, 66 Pac. 10; *School District No. 2 of Johnson County* v. *Hart* (1891), 3 Wyo. 563, 27 Pac. 919, 29 Pac. 741; *Board of Education, etc.* v. *Edson et al.* (1868), 18 O. St. 221, 98 Am. Dec. 114; *Board of Regents Normal School District No. 3* v. *Painter* (1890), 102 Mo. 464, 148 S. W. 938.

One who is granted the right to construct a second story upon a building erected by the owner of the land, "to have and own said second story," for his use perpetually, does not acquire any proprietary interest in the freehold of which such second story becomes a part. *Thorn et al.* v. *Wilson et al.* (1886), 110 Ind. 325, 11 N. E. 230; *Shirley et al* v. *Crabb* (1894), 138 Ind. 200, 37 N. E. 130; *Hahn* v. *Baker Lodge No. 47* (1891), 21 Ore. 30, 27 Pac. 166.

In *Lazarus* v. *Morris*, 28 Pa. Co. Ct. R. 505, the court quotes 24 R. C. L. 582, as follows: "As is the usual rule in cases of eminent domain, land so taken for school purposes does not vest the fee in the district but only

the right to use and occupation of the land for school purposes."

In 18 Am. Jur. 741, Sec. 115, it is stated: "It is well settled that when land is taken for the public use, unless a fee is necessary for the purposes of which the land is taken for a school house or the statute expressly provides that the fee shall be taken, the public acquires only an easement."

This court said in *Philbin et al.* v. *Carr et al.* (1920), 75 Ind. App. 560, 129 N. E. 19, 129 N. E. 706, and again in *Sheets et al.* v. *Stiefel et al.* (1947), 117 Ind. App. 584, 74 N. E. 2d 921: "The subject of real estate titles is regarded as of sufficient public importance to justify state legislation." In so doing the Legislature enacted Sec. 56-103, Burns' Indiana Stat., 1951 Replacement, which provides:

> "Conveyances of lands or of any interest therein, shall be by deed in writing, subscribed, sealed and duly acknowledged by the grantor or by his attorney, except bona fide leases for a term not exceeding three (3) years."

Titles granted in the manner of our statutes are commonly called record or legal titles, as distinguished from equitable titles, and it has always been the policy of the law to protect them. The record title is the highest evidence of ownership and is not easily defeated.

The appellee has cited the case of *Jordan* v. *Hendricks Township Trustee et al.* (1930), 91 Ind. App. 678, 173 N. E. 288. We do not believe that this case is applicable for the reason that there was a conveyance of real estate to the township trustee.

In this case the burden was upon the appellee to prove legal title and he failed to do so. There is no evidence

of deed or dedication. At most he was a permissive user. As such, he did not acquire any right by adverse possession. When he abandoned the school, his interest in this property terminated.

We can see no reason for retrial of this case and, therefore, judgment is reversed and cause remanded with instructions to enter finding and judgment for appellants on their cross-complaint.

NOTE.—Reported in 130 N. E. 2d 330.