Johnson v. Murray, Administrator, *et al.*

No. 12,838.

JOHNSON v. MURRAY, ADMINISTRATOR, ET AL.

SHERIFF'S SALE.—*Upon Writ Improvidently Issued.*—*Sale not Void.*—A sale of real estate under an alias writ is not void because the writ was improvidently issued, without an order from the judgment plaintiff.

SAME.—*Irregularity.*—*Not Available to Judgment Creditor to Defeat Consummated Sale.*—One who claims in the character of a judgment creditor can not avail himself of a mere irregularity to defeat a consummated sale.

QUIETING TITLE.—*Complaint.*—*Relief of Different Character.*—A complaint to quiet title to land, upon a specific claim of absolute ownership, does not entitle the plaintiff to relief of an entirely different character.

From the Grant Circuit Court.

*G. W. Harvey* and *C. E. Shipley,* for appellant.

*I. Van Devanter* and *R. T. St. John,* for appellees.

ELLIOTT, J.—The facts stated as the cause of action in the appellant's complaint are substantially these: The appellant and each of the appellees recovered judgments against John C. Harris and Noah Harris, on the 6th day of February, 1878. Executions were issued on these several judgments at the same time, were received by the sheriff at the same time, and were levied on the same land at the same time. There was no sale of the land levied on; the executions were returned by the sheriff, and immediately upon their return, alias writs were issued by the clerk upon returns made by the sheriff, until the number of writs reached five; on the fifth and last issue of the alias writs the land was sold. Each of the appellees, as judgment creditors, became purchasers, but paid no money on their respective bids, except the amount of the costs, the remainder being paid by crediting it upon the writs. The alias writs were issued without any order from the appellees. The appellant claims title and asks to have it quieted in him.

In the brief of appellant's counsel they say: "At least

two questions are presented," and, as we understand them, the first question is, were the sales void because the writs issued subsequent to the original executions were not ordered by the several judgment plaintiffs?

We shall, in accordance with the settled rule, confine our discussion to the questions stated by counsel, and shall consider those questions in the order adopted by them.

It is conceded by counsel that, prior to the enactment of the fee and salary bill of 1879, the issuing of a writ by the clerk without the order of the judgment plaintiff was an irregularity which would not invalidate the sale, and which might be waived. Undoubtedly this was the law. *Jones* v. *Carnahan*, 63 Ind. 229; *Richey* v. *Merritt*, 108 Ind. 347. But counsel assert: "All this has been changed by the enactment of the statute." The provision upon which they rely was originally found in the fee and salary bill, but is also now incorporated in the code. Acts of 1879, p. 137; R. S. 1881, section 678. The provision to which they refer reads thus: " No execution shall, in any case, be issued in any cause, except on the written precipe of a party to such suit, his representatives or assigns, or of his attorney of record." This provision is little more than a declaration of the common law rule, and under that rule it was uniformly held, as counsel admit, that the issue of an execution without the authority of the plaintiff did not render the sale void. There is no reason why it should do so under the statute. Neither by expression nor by implication does the Legislature declare that the breach of duty on the part of the officer shall vitiate the sale. There is nothing that indicates an intention to break away from the long settled rule that such an irregularity will not make the sale void. It would be putting much into the statute that is not there to hold that it was meant to change the rule that had so long existed. The statute does no more than prescribe the duties of the officer; it does not enact that a failure to perform it shall avoid the sale. It was the officer's duty under the common law, as

much as it is under the statute, not to issue an execution without the authority of the plaintiff, and there would be just as much reason for holding under that rule, as under the statute, that a failure of the officer to perform his duty made the writ void; and yet, without hesitation, it was always held that the writ was not void as against the execution plaintiff, or an innocent purchaser who bought at the sale made on such a writ.

The improvident issue of a writ does not render it void. *Richey* v. *Merritt, supra.* Freeman says : "A void writ is one which can have no force whatever, unless perhaps as a justification to an officer having no notice of its invalidity." Freeman Ex., section 73.

If the writ is not void it must be attacked directly, and not collaterally; at all events, it must be attacked prior to the acquisition of title by a sale made under it. *Richey* v. *Merritt, supra.* We think the irregularity in this instance is one falling within the general principle stated by Mr. Freeman in sections 339 and 340 of his work, and that it is not of such a character as to avoid the sale. It would, indeed, be an evil rule that would permit sales to be set aside after a long lapse of years because the clerk had issued *alias* writs without the direct authority of the judgment plaintiff, for such a rule would make titles insecure, destroy confidence in sheriff's sales, and injure the debtor, because it would make men unwilling to pay fair prices for property sold upon execution. The true and just rule is that recognized by the text-writers and by our decisions, and that is, where there is a mere improvident issue of the writ there must be a motion to quash it, or some such direct attack, and that a suit to quiet title after the sale has been perfected will be unavailing.

Another rule is decisively against the appellant, and that is this : One who claims in the character of a judgment creditor can not avail himself of a mere irregularity to defeat a consummated sale. It is, as a general rule, only the execution defendant who can avail himself of an irregularity, even

by a proceeding instituted before the sale is made. This is so decided in *Jones* v. *Carnahan, supra,* and the decision is well supported.

The second question which counsel say the record presents is, does the complaint entitle the appellant to any relief? But this is a mistaken view, for the question is, does the complaint entitle the appellant to have his title quieted?

Where a plaintiff seeks to quiet title to all the land in controversy upon a specific claim that he is the absolute owner of it, he can not succeed by showing that he is entitled to partition, or to some relief of an entirely different character. A complaint to quiet title, where the claim is to the whole interest in the land as absolute owner, can not be good as a complaint for partition. Where a party sues to quiet title he must show title in himself to the land he claims, and that the defendants have none, or at least not such as they assert. *Ragsdale* v. *Mitchell,* 97 Ind. 458. If the appellees have any interest in the land it can not be cut off by an action to quiet title, and, therefore, the appellant can not maintain the action, even though he may have some interest with the appellees in the land.

Judgment affirmed.

Filed Oct. 15, 1887.