## Griffin *v.* Durfee et al.

### [No. 3,823. Filed May 27, 1902.]

Mortgages.—*Foreclosure.—Purchase by Mortgagee.—Notice of Irregularities.*—A mortgagee purchasing at his own foreclosure sale takes with full notice of any and all irregularities in the proceedings. *pp. 214, 215.*

Sheriff's Deed.—*Reformation.*—A sheriff's deed can not be reformed, since there is but one party concerned in the making of such a deed, and consequently there can be no mutual mistake. *p. 215.*

Same.—*Incomplete Description.*—A mortgage, foreclosure decree, and order of sale contained a correct description of the mortgaged premises. The sheriff's certificate described the premises as "commencing at the northeast corner of the west half of the northeast quarter of section thirty-five, thence south twenty-nine and ninety-eight hundredths chains, thence west parallel with the north line of said west half fourteen and forty hundredths chains to the west boundary of said tract of land, thence north along the said boundary line twenty-nine and ninety-eight hundredths chains to the place of beginning." *Held,* that the description is sufficient, since to make it complete it is only necessary to read into it the word "thence" before the words "to the place of beginning." *pp. 212–216.*

From DeKalb Circuit Court; *E. A. Bratton,* Special Judge.

Action by Elvin S. Griffin against Earl W. Durfee and others to quiet title. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. E. Rose, J. H. Rose* and *F. L. Welsheimer,* for appellant.

*W. H. Leas* and *Robert Lowry,* for appellees.

Henley, P. J.—This action was commenced by appellant against appellees by complaint in one paragraph, in

which appellant asks that his title to certain lands be quieted and that the appellee Hathaway as sheriff of DeKalb county be enjoined from selling certain real estate upon an order from the circuit court of DeKalb county issued upon the decree of foreclosure in favor of appellee Durfee against the appellant; it being averred in the complaint that the judgment had, prior to the time of the issuing of the decretal order, been satisfied by the sale of other real estate of appellant. Appellees, Durfee and Hathaway, each filed separate demurrers to the complaint, which were overruled. Appellee Durfee filed a cross-complaint in three paragraphs, in each paragraph of which he claims to be the owner of the land described in appellant's complaint, and asks that his title thereto be quieted. Appellant's demurrer to each paragraph of the cross-complaint was overruled, whereupon appellant filed an answer of general denial. The cause was submitted to the court for trial, and, at the appellant's request, the court made a special finding of facts, and stated its conclusions of law thereon. Judgment was rendered in favor of appellee Durfee. Each specification of the assignment of errors presents the same question.

The facts out of which this controversy grows are as follows: The appellant Elvin S. Griffin was the owner, of part of the west half of the northeast quarter of section thirty-five, township thirty-three north, range twelve east, in DeKalb county, Indiana, which was more particularly and correctly described as, commencing at the northeast corner of the west half of the northeast quarter of said section, township, and range, thence south twenty-nine and ninety-eight hundredths chains, thence west fourteen and forty hundredths chains, thence north twenty-nine and ninety-eight hundredths chains, thence east to the place of beginning, containing forty-three and twenty-one hundredths acres of land. On July 5, 1895, appellant executed a mortgage upon the property to appellee Durfee. On

January 4, 1897, in a proceeding brought in the proper court for that purpose, Durfee recovered judgment for the amount of the debt secured, together with a decree in his favor foreclosing said mortgage, and an order for the sale of the above described real estate for the satisfaction of the judgment in his favor. On February 8, 1897, the clerk of the court, upon appellee Durfee's order, issued to the sheriff of DeKalb county an order of sale upon said judgment and decree. The mortgage, judgment, and order of sale all and each of them contained a correct description of the real estate in controversy. Upon the order of sale so issued to him, the sheriff advertised the real estate for sale under the following description thereof: "A part of the west half of the northeast quarter of section thirty-five, township thirty-three north, range twelve east, in DeKalb county, Indiana, and described as follows, to wit: Commencing at the northeast corner of the west half of the northeast quarter of section thirty-five, thence south twenty-nine and ninety-eight hundredths chains, thence west, parallel with the north line of said west half, fourteen and forty hundredths chains to the west boundary of said tract of land, thence north along the said boundary line twenty-nine and ninety-eight hundredths chains to the place of beginning, said tract to contain forty-three and twenty-one hundredths acres of land." On the 6th day of March, 1897, the sheriff sold the real estate under such notice to the appellee Durfee, for the full amount of the judgment, interest, and costs, and issued to him a certificate of sale in which the real estate was described as in the notice of sale. The return of the sheriff was in regular form, and shows that Durfee receipted to him for the full amount of the judgment and interest. The following plat in connection with the stated facts will more fully explain the situation:

The points A, E, F, and G, are the corners of the eighty acre tract of land described as the west half of the north-east quarter of section thirty-five. The points A, B, C, and D inclose the land mortgaged by Griffin to Durfee, being the same land described in the judgment and decree of fore-closure and in the order of sale issued to the sheriff. The points A, B, and C inclose the triangular piece of land which appellant claims was all the land sold by the sheriff to Durfee in satisfaction of his judgment and decree of fore-closure. The triangle A, C, and D incloses the land claimed by appellant Griffin, and it is to this land that the appellant asks to have the title quieted in him, against the claim of appellee Durfee.

There is but one question, then, in the case, whether it be presented by the pleadings or the conclusions of law upon the finding of facts, and that is, does the description of the real estate contained in the sheriff's notice of sale, and cer-tificate of sale issued to the purchaser Durfee, cover the real estate designated on the plat A, B, C, D, or does it in fact omit the tract designated as A, C, D, as claimed by ap-pellant? As a matter of fact, in this case, the first sale of land resulted in a complete satisfaction of the judgment. *Boos* v. *Morgan,* 130 Ind. 305, 313, 30 Am. St. 237.

It may be said also, as a matter of law, that appellee, purchasing at his own sale, took with full notice of any

and all irregularities in the proceedings—*(Bole* v. *New-berger,* 21 Ind. 274; *Boos* v. *Morgan, supra; Johnson* v. *Murray,* 112 Ind. 154, 2 Am. St. 174) ; and that a sheriff's deed can not be reformed *(Bowen* v. *Wickersham,* 124 Ind. 404, 19 Am. St. 106; *Runnels* v. *Kaylor,* 95 Ind. 503). And this is because there is but one party concerned in the making of such a deed, and consequently there can be no mutual mistake. A deed, says Mr. Washburn, is not to be held void for uncertainty, if by any reasonable construction it can be made available. See Washburn on Real Property, 401. In the description of the premises in a deed the utmost liberality is permitted, and the intent of the parties, if it can by any possibility be gathered from the language employed to describe the premises, will be carried into effect. *German Mut. Ins. Co.* v. *Grim,* 32 Ind. 249, 2 Am. Rep. 341; *Key* v. *Ostrander,* 29 Ind. 1; *Grigsby* v. *Akin,* 128 Ind. 591.

In *Bowen* v. *Wickersham, supra,* it is said: "The sheriff must be able to identify the property from the description contained in the decree, and the purchaser can only be put in possession of the land definitely described in the deed. * * * If the decree and the deed are so defective that it can not be ascertained by inspection, or from data which they furnish, what property was in fact sold, or if in order to ascertain the intention of the officer in selling, it becomes necessary to institute an extraneous inquiry, the deed is void for uncertainty."

Guided by these rules of law, then, can the description in appellees' certificate of sale be construed to cover the mortgaged premises ? As we construe the description it will only be necessary to read into it the word "thence" before the words, "to the place of beginning", in order to effectuate the intention of the sheriff under the order and decree of the court. The description as it stands is a perfect description of the lines of the plat heretofore set out beginning at A, thence to B, thence to C, thence to D. The

line from D to A, the place of beginning, is supplied either by reading into the description the word "thence", which inspection of the certificate and data furnished by it amply justifies, or by continuing the line to the place of beginning by way of D. We are strongly of the opinion that the words used in the description clearly justify either view, and that no other tract of land was intended to be described. *Atchison Ditching Assn.* v. *Jarrell,* 33 Ind. 131; *Diamond Plate Glass Co.* v. *Tennell,* 22 Ind. App. 132; *Burnett* v. *McCluey,* 78 Mo. 676.

We must conclude that the description in appellee's certificate was sufficient to enable a person of competent skill and information to locate the land and mark it out from such description, and properly so construed, it would cover all the land described in the mortgage given by appellant to appellee Durfee.

We find no error. Judgment affirmed.