## AULT *v.* MILLER.

[No. 26,190.   Filed May 10, 1932.]

*Gentry, Cloe & Campbell* and *Gifford & Gifford*, for appellant.

*Jesse R. Coleman, Roberts & Roberts* and *Shirts & Fertig*, for appellees.

MARTIN, J.—The appellant, Edith Ault, a widow, brought this action against Eloy House, her daughter, Zadie O. House, husband of Eloy (and against 11 others

who were defaulted), alleging that she is the owner in fee simple of 40 acres of land in Tipton County and praying that her title be quieted thereto. An answer in general denial was filed, the cause was tried by a jury which rendered a verdict in favor of the defendants (appellees), and judgment was rendered that appellant take nothing by her complaint and that appellees recover their costs.

The alleged error relied upon is the overruling of appellant's motion for a new trial, wherein it is contended that the verdict is contrary to law, is not sustained by sufficient evidence, that the court erred in admitting certain evidence and in refusing to give certain instructions.

Briefly stated, the evidence was as follows: Adam Ault, the husband of appellant Edith Ault, and father of appellee Eloy House, died, and by his will, which was admitted to probate in May, 1923, devised all his property, both real and personal, to appellant. His estate was fully administered upon and the final report of the executrix was approved in June, 1924. Adam Ault obtained title to the 40-acre tract of land by deed in 1901. Appellees Zadie O. and Eloy (Ault) House were married in 1905, and, for about a year thereafter, lived at Perkinsville, where appellee Zadie O. House was engaged in the mercantile business with his father, when Adam Ault went to Perkinsville, and agreed with appellees that, if they would move to the farm then owned by Adam Ault and improve the 40 acres of land in question, he would give that land to his daughter Eloy House, subject to a life estate in himself. Relying upon this agreement, appellee Zadie O. House sold his interest in the store which he and his father owned. He and his wife then moved into the home of Adam Ault, where they lived until they could remodel and fix up an old three-room house then on the 40-acre tract.

Relying on the promise of Adam Ault to give the land in question to his daughter, appellees repaired the old house, built two additional rooms thereto, built a veranda on two sides, and put in cement walks and steps around the house. They built a substantial bank barn 36 x 42 feet in size, a chicken house and hog house and put a cement floor in a smokehouse. They set out shade trees, cleared 10 acres of ground and built fences on the land in question. After the house was repaired, but before the other improvements were made, they moved onto the land and lived on it for 15 years and until after Mr. Ault died, after which, at the request of appellant, they moved into the house on the land where appellant and her husband had lived before the latter's death. About a year later, appellees moved back to the land in controversy, where they have since resided. From the time appellees moved to the farm in 1906 or 1907, Zadie O. House farmed 58 acres owned by Adam Ault, as well as the 40 acres on which he lived, and as rent paid one-half of the grain and hay raised on both places. After Adam Ault's death, he continued to farm the two places and gave appellant one-half of the crops raised, the same as he had theretofore given to her husband. In September, 1924, Zadie O. House and appellant entered into a written lease, which had been prepared by appellant's attorney, whereby the former leased the 58 acres in Hamilton County and the 40 acres in controversy for a period ending March 1, 1926. Appellee Eloy House was not a party to this instrument.

The evidence is sufficient to sustain the verdict, which is, in effect, a finding that appellant is not the owner in fee simple of the land involved. In compliance with the contract entered into between Adam Ault and appellees, appellees sold out their interest in the store at Perkinsville, moved onto and took possession

of the land in question, improved it, and farmed it and made valuable improvements thereon. Under these facts, the appellees are in rightful possession of the land under the contract which they have fully performed, and, under the law applicable to such cases, they have acquired a valid and effective title to the land. "The principle upon which such a title . . . rests, is, at the foundation, that of equitable estoppel, inasmuch as the courts declare that where there is a contract, possession, and valuable improvements, the vendor will not be heard to aver that his vendee has no title because he has not the evidence of title required by the statute of frauds" (§8045 Burns 1926). *Puterbaugh* v. *Puterbaugh* (1892), 131 Ind. 288, 294, 30 N. E. 519, 15 L. R. A. 341; *Horner* v. *Clark* (1901), 27 Ind. App. 6, 60 N. E. 732; *Osterhaus* v. *Creviston* (1916), 62 Ind. App. 382, 111 N. E. 634.

The issues in this case were formed by a general denial to the appellant's complaint. (Defendants in an action to quiet title are entitled under a general denial to make any defense legal or equitable, *Hogg* v. *Link* [1883], 90 Ind. 346; *Interstate Iron, etc., Co.* v. *City of East Chicago* [1918], 187 Ind. 506, 118 N. E. 958; *Bundy* v. *Bowman* [1920], 72 Ind. App. 367, 125 N. E. 781). Since appellees did not by cross-complaint seek or obtain any affirmative adjudication of their title, it follows that what has been said in the preceding paragraph is not a judicial declaration by this court regarding appellees' title, but is a determination by this court that the evidence before the jury was sufficient to sustain its verdict that appellant is not the owner in fee simple of the land involved. " 'A plaintiff in a suit to quiet title can not obtain a decree if the defendant has any valid interest in the land.' " *Follette* v. *Anderson* (1914), 56 Ind. App. 524, 105 N. E. 793; *Bisel* v. *Tucker* (1889), 121 Ind. 249, 23 N. E. 81.

Appellant's objection to the admission of evidence and to the refusal of the court to give certain instructions was based on her contention that this action constituted a collateral attack upon the will of Adam Ault. Appellees, however, base their claim on the fact that Adam Ault was not the owner of the real estate in question at the time of his death, for the reason that, prior to his death, they had become the equitable owner of his interest therein (subject to his life estate). Appellees make no claim to the real estate as heirs of Adam Ault. There was no necessity for them to take any steps to have the will or its probate set aside, and they are not precluded, by reason of the probate of his will, from setting up their claim to the real estate, as appellant contends.

Appellant tendered an instruction which sought to tell the jury that, if appellee Zadie O. House held possession of the land by virtue of a lease, the law regards his possession as the possession of the landlord and that he was not permitted to deny or dispute the title of the landlord. The court did not err in refusing to give this instruction. If it be conceded that appellee Zadie O. House had, by the execution of the lease introduced in evidence, recognized that appellant was the owner of the land, appellant would not be entitled to a decree quieting title against him and thus cut off his interest under the lease. Nor would the fact that this lease had been executed prevent appellee Eloy House from claiming the land.

Appellant contends that, in order to quiet her title in this action, she relied "upon legal title as shown by deeds and will, *and also upon the further fact that she was widow of Adam Ault and as such entitled to one-third of his land,*" and that, even if she could not establish her title to the whole of the land in question, she was entitled to a judgment quieting her title

to an undivided one-third thereof. (Section 3349 Burns 1926 provides: "A surviving wife is entitled, except as in section seventeen [§3337] excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law," etc.)

Section 690, ch. 38, Acts 1881, §1148 Burns 1926 provides that "an action may be brought by any person . . . against another who claims title to or interest in real property adverse to him . . . for the purpose of determining and quieting the question of title." The appellant brought this action alleging that she was the owner in fee simple of the real property in question, and, to establish such fee simple title, she relied upon the devise made in the will of Adam Ault. Where a plaintiff, in a suit to quiet title, describes a title specifically as the only title on which he relies, his recovery must be had on his title as laid, *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458, and, where a plaintiff seeks to quiet title on the claim of absolute ownership, he is not entitled to relief by showing himself entitled to partition, or some other remedy of a different character, *Johnson* v. *Murray* (1887), 112 Ind. 154, 13 N. E. 273, 2 Am. St. 174. The judgment of the court that this appellant take nothing by her complaint was a determination that she did not possess the fee simple title to the whole tract of real estate which she asserted in her complaint.

Under the issue here existing, there could be no determination of the question of appellant's right to an undivided one-third of the property, on the theory stated. There is evidence in the record that appellant stated to a neighbor that, "Loy has got moved and they got her fixed up and settled in her house," and that Adam Ault had spoken to Eloy in the presence of appellant about making a deed to the daugh-

ter for the land, but, for the reason above stated, it is neither necessary nor proper for us to decide anything with reference to whether appellant is entitled to a one-third interest in the property by reason of §3349, *supra,* or whether appellees took title by equitable estoppel as against appellant so far as her inchoate statutory interest in this property is concerned.

Judgment affirmed.