HACKETT *v.* TRI-STATE LOAN AND TRUST COMPANY ET AL.

[No. 14,698. Filed March 6, 1935.]

*Atkinson & Husselman,* for appellant.

*Theodore T. Wood,* and *Vesey, Shoaf & Hoffman,* for appellees.

KIME, J.—The appellant, by a complaint in three paragraphs, sought to quiet title to certain real estate and to foreclose a mortgage thereon, claiming title by virtue of a deed obtained by her at a sheriff's sale upon a decree of foreclosure. The appellees, Riddle and Riddle, claim their title to a portion of the real estate by virtue of an exception contained in the sheriff's deed, through which appellant claims her title, which exception is as follows: "Except all that portion of the above described tract of real estate laid out and platted into lots previous to July 9, 1926."

To each of the three paragraphs of complaint the Tri-State Loan and Trust Company filed answer in general denial and joined with Riddle and Riddle in a cross-complaint asking for damages in the sum of $15,000.00. All of the defendants filed answer in general denial to all paragraphs of complaint. There was also filed a second paragraph of answer by all the defendants to the effect that the debt sued on in the first and third paragraphs of answer had been paid and all of the defendants, in a third paragraph of answer, set up facts which they claim constituted estoppel. A fourth paragraph of answer by all of them avers that the first mortgage and the judgment thereon and the second mortgage set out in the third paragraph of plaintiff's complaint represent the same debt. In addition to this the appellees filed three paragraphs of cross-complaint alleging in the first that they were the owners, in fee simple, of all realty described in the complaint which was laid out and platted previous to July 9, 1926. In said paragraph slander of title was also alleged and judgment for damages and that their title be quieted was asked. The second paragraph proceeded on the

same theory except that therein they claimed to be the owners, in fee simple, of all of the land platted and known as "East Bay Park Addition." The third paragraph alleged that the appellant was indebted to the appellee, Thomas P. Riddle, in the sum of $2124.00 by reason of money had and received. To the second, third, and fourth paragraphs of answer of the appellee, Tri-State Loan & Trust Company, the appellant filed a reply in general denial and an answer in general denial to each paragraph of cross-complaint of the appellees.

The court found in favor of the appellant on her first paragraph of complaint that she was the owner of and entitled to have her title quieted to the real estate described in the first and second paragraphs of complaint except to "all that portion of the above described tracts of real estate laid out and platted into lots previous to July 9, 1926," and found against the appellant on her third paragraph of complaint. The court found against the appellees and each of them on their cross-complaints. The court then rendered judgment in favor of the appellant that she was the owner, in fee simple, of the real estate described in the complaint with the exception above set out and further that appellees had no right, title, or interest in or to said real estate and that the costs should be taxed one-half to appellants and one-half to appellees.

Motion for new trial was overruled and appellant appealed on the 16th day of June, 1932, and assigned as error (1) that the court erred in overruling appellant's motion to modify the judgment and (2) that the court erred in overruling appellant's motion for a new trial. On the 20th day of June, 1932, the appellees, Riddle and Riddle, filed a cross-assignment of errors alleging that the court erred in overruling the separate and several motions of appellees,

Riddle and Riddle, to modify the judgment and that the court erred in overruling the separate and several motions of appellees, Riddle and Riddle, for a new trial. The grounds of said motion are: (1) that the court erred in overruling the separate and several motions of the defendants, Thomas P. Riddle and Ella S. Riddle, to modify the judgment rendered by the court herein; (2) that the decision of the court is not sustained by sufficient evidence; and (3) that the decision of the court is contrary to law. No brief was ever filed by the appellant and consequently the appeal attempted to be presented by her is dismissed.

The appellees contend that the plat and dedication, together with the recording of such plat is valid and binding when there has been an acceptance of such dedication by the purchaser of one or more lots and that, consequently, the portion specifically excepted and all the land not platted into lots should have been specifically excepted in the finding and judgment and since the appellant here was a mortgagee purchasing at her own sale she took with full knowledge of any and all irregularities and that, therefore, the trial court erred in excluding from the finding, in favor of appellees, those tracts appearing within the boundaries of said plat, which were not designated or numbered and the judgment of the trial court should have been in favor of the appellees, as to all such tracts within the boundaries of the platted area. This makes a *prima facie* case of reversible error. *Griffin* v. *Durfee* (1902), 29 Ind. App. 211, 64 N. E. 237, and cases there cited.

For error in overruling appellees' motion for a new trial judgment against appellees is reversed with instructions to grant a new trial.

Wood, J., not participating.