## SAWYER ET AL. V. KLEINE

[No. 17,787. Filed December 7, 1948.]

*M. W. Davie* and *John J. Davie,* both of La Porte, attorneys for appellants.

*Alfred J. Link,* of La Porte, attorney for appellee.

DRAPER, J.—On and prior to February 6, 1935, the parties to this action were husband and wife, but a divorce action was pending. On that date they entered into a written contract for the purchase of a 60-acre farm in LaPorte County from one Collins for the sum of $4,400. They made a down payment by the execution of their joint notes, the balance payable monthly. The appellee (husband) took possession of the farm on March 1, 1935. In April a divorce was decreed and the appellant (wife) later remarried. After taking possession, the appellee farmed the land and made improvements thereon; made all payments on the contract; paid taxes, ditch assessments, etc. The appellant never lived on the farm or manifested any interest in it until after appellee had paid for it. She never made or offered to make any payments or any contributions toward upkeep or improvements. In

1944, the appellee received a deed from Collins in which he was the sole grantee. In 1947, he contracted to sell the farm for $9,000. The recorded contract appeared in the abstract of title and this suit followed.

The appellee's complaint is in the usual short form for quieting title under Burns' 1946 Repl., § 3-1401. It alleges merely that he is the owner in fee simple and in possesion of the land, and that appellant claims an adverse unfounded interest which is a cloud on his title. The appellant answered under the rule admitting she claimed an adverse interest and denying the other allegations of the complaint, and she also filed a counter-claim in short form in which she asserts title to an undivided one-half interest in the land, and seeks to quiet her title to said interest.

Trial by jury was waived. The case was submitted to the court, who found that the parties were tenants in common; that the appellee held legal title to the land, but that he held title to an undivided one-half thereof in trust for his co-tenant, the appellant; that the value of the land was $9,000; that the appellee expended $8,954.20 for the purchase and improvement of the property; and that the appellee was entitled to contribution from the appellant to the extent of one-half that amount. The appellant was given ten days to pay $4,477.10 into court, and failing, the appellee was given ten days to pay $22.90—the party making payment to report such fact to the court. On appellant's failure to pay, the appellee did pay—and final judgment quieted title in the appellee.

Appellant's motion for new trial asserts the insufficiency of the evidence and the illegality of the decision. In particular she insists the court erred in assuming equitable jurisdiction and rendering a decision involving contribution and accounting. To support her posi-

tion she says that since both the complaint and counterclaim allege legal titles only, the issue was one for the determination of legal rights, and the court erred in applying equitable principles.

Although the action to quiet title under the statute is essentially of equitable origin, it is settled law that a complaint or counter-claim to quiet title should disclose whether the title claimed is legal or equitable. If an equitable title is claimed, all the facts which go to maintain it may be shown. *Grissom* v. *Moore* (1886), 106 Ind. 296, 6 N. E. 629; *Danforth* v. *Meeks* (1911), 176 Ind. 400, 96 N. E. 153.

A plaintiff or counter-claimant who pleads a legal title cannot recover on proof of equitable title. *Johnson* v. *Pontious* (1889), 118 Ind. 270, 20 N. E. 792; *Coppock* v. *Austin* (1904), 34 Ind. App. 319, 72 N. E. 657; 1 Lowe's *Revision of Works' Ind. Practice*, Vol. I, p. 514. And so in this case neither party could have a decree quieting his title upon proof only of an equitable title in himself.

In her counter-claim the appellant alleges legal title to the land. She proved no such title, and so she could not have a decree quieting title in herself. The appellee did prove legal title in himself, Burns' 1943 Repl., § 56-115; *Sheets* v. *Stiefel* (1947), 117 Ind. App. 584, 74 N. E. 2d 921, and so was entitled to a decree quieting that title unless a successful defense was interposed.

It has always been held in Indiana that under the general denial in quiet title suits the defendant may give in evidence all defenses he may have, either legal or equitable. *Ault* v. *Miller* (1932), 203 Ind. 487, 181 N. E. 35; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265; 4 Watson's *Revision of Works' Practice* 1301. Under Rule 1-3

the answer filed in this case entitled the appellant to all defenses heretofore available under the general denial, and so the appellant was entitled to prove any equitable defense to appellee's complaint that she might have.

The evidence disclosed the existence of the purchase contract above mentioned. According to the holding of the trial court, of which no complaint is made, it established the parties as the equitable owners of the land. As stated by the appellee: "When the Kleines were divorced they became, so the trial court held, tenants in common of the equitable interest or estate which they had in the farm because of the contract." The correctness of that theory is not questioned, and so we shall assume for the purposes of this opinion that it was right. (Burns' 1943 Repl. §§ 56-901 and 56-902 which now govern in such cases were not then in effect.)

The court found the parties to be tenants in common of an equitable interest or estate in the land. As such the appellant was as much entitled to the possession of the land as was the appellee, and as such she had a valid interest in the land. The establishment of an equitable title and the right to possession in the defendant will defeat a suit to quiet the legal title. *Barnes* v. *Union School Township* (1883), 91 Ind. 301. "A plaintiff in a suit to quiet title can not obtain a decree if the defendant has any valid interest in the land." *Ault* v. *Miller, supra.*

As said in *Johnson* v. *Murray, Administrator* (1887), 112 Ind. 154, 13 N. E. 273: "Where a plaintiff seeks to quiet title to all the land in controversy upon a specific claim that he is the absolute owner of it, he can not succeed by showing that he is entitled to partition, or to some relief of an entirely different

character. A complaint to quiet title, where the claim is to the whole interest in the land as absolute owner, can not be good as a complaint for partition. Where a party sues to quiet title he must show title in himself to the land he claims, and that the defendants have none, or at least not such as they assert. *Ragsdale* v. *Mitchell,* 97 Ind. 458. If the appellees have any interest in the land it can not be cut off by an action to quiet title, and, therefore, the appellant can not maintain the action, even though he may have some interest with the appellees in the land."

We think it follows from what has been said that the finding should have been against the appellee on his complaint, and against the appellant on her counterclaim.

The judgment must be reversed. It appears to us that the ends of justice will best be served by remanding this cause with instructions to sustain the motion for new trial, and to permit the reshaping of issues if requested. *Schofield* v. *Green* (1944), 115 Ind. App. 160, 56 N. E. 2d 506. *Murdock* v. *Cox et al* (1889), 118 Ind. 266, 20 N. E. 786. *Sheets* v. *Stiefel, supra.*

It is accordingly so ordered.

NOTE.—Reported in 82 N. E. 2d 533.