PARKS ET AL. *v.* KOSER ET AL.

[No. 18,592. Filed May 26, 1955.
Rehearing denied July 21, 1955.]

586

*Bowser & Bowser,* of Warsaw, for appellants.

*Widaman & Widaman,* of Warsaw, for appellees.

BOWEN, J.—Appellants brought the present action against the appellees and the Lake City Bank to recover part of the proceeds from the sale of certain real estate, which were held by such bank as escrow agent. Appellants' complaint was based upon a claim of equitable title in said real estate allegedly created by a contract between appellants Parks and appellees Kosers. Issues were formed upon appellants' complaint and appellees' answer thereto. The Lake City Bank filed disclaimer and asked that the court determine to whom the funds in question should be paid. The court overruled appellees' demurrer to appellants' complaint; trial was had by the court upon the complaint, the answer and replies of the parties; and the court entered finding and judgment that appellants recover from the appellees the sum of $750.00 as an equitable lien upon appellees'

share of the proceeds of the sale of the real estate in question, and ordered the Lake City Bank to pay the appellees one-fourth of such proceeds less $750.00, and to pay the appellants one-fourth of such proceeds plus the sum of $750.00.

Error assigned for reversal is the overruling of appellants' motion for a new trial, grounds of which motion were that the decision of this court was not sustained by sufficient evidence and was contrary to law.

The facts shown by the record establish the following factual background with reference to this litigation:

Both the appellants and appellees are children of one Daniel W. Kelly and Sarah M. Kelly. Daniel Kelly died in 1932 leaving surviving him his widow, Sarah M. Kelly, and the following children: Lena B. Parks, Alta M. Koser, Chester A. Kelly and Mary C. Hoos. At his death the four children became the owners of his real estate in equal proportions, subject to a life estate to his widow, Sarah M. Kelly. In 1937, such heirs proceeded to make partition of the real estate of the decedent, Daniel W. Kelly, and deeds were executed conveying various tracts to the Parks, Kosers, Chester Kelly, and the Hoos. As a result of such partition and advancements of money at such time, the appellees Kosers were indebted to the appellants Parks in the approximate sum of $750.00, and in addition there were two tracts of real estate, the title to which still remained in the children of Daniel W. Kelly in equal fourths, subject to the life estate of the widow, Sarah M. Kelly, which real estate shall be hereafter referred to in this opinion as parts one and two.

On February 27, 1937, with reference to said parts or parcels one and two, the following agreement was made and entered into between the appellants and appellees, which agreement provided as follows:

"This agreement entered into this date—February 27, 1937, between Alta Koser and Roy Koser, her husband, first party, and Lena Parks and P. D. Parks, husband and wife, second party:

"Whereas these parties have an inherited interest in 26 acres more or less with the life estate in Mrs. Sarah Kelly, all parties above being in and of Kosciusko County:

"IT IS AGREED THAT

"For differences in previous deals between these parties concerning exchange of real estate in connection with settling of said estate between Lena Parks and P. D. Parks favoring them and Alta Koser and Roy and for further consideration of cash and in consideration that after the death of said Mrs. Sarah Kelly or final settlement of said estate it is agreed that Lena Parks and P. D. Parks agree to deed to Alta Koser and Roy Koser land north of paved road near Winona and included in said Kelly estate and hereinafter referred to as the triangle being 3 acres more or less, providing it is within their power and right so to do.

"In consideration of the above Alta Koser and Roy Koser agree to assign and release their interest and rights in the 26 acres more or less not including the triangle, now held by Mrs. Sarah Kelly in life estate and further agree to pay their share of expenses in last sickness and burial and settlement of said estate of and after Mrs. Sarah Kelly.

"To which we bind ourselves and our heirs and administrators and executors after us.

(Signed) Alta Koser, Roy Koser; P. D. Parks, Lena Parks."

This agreement is the basis of the present litigation.

In June of 1952, the heirs, as the result of an oral understanding, decided to sell the real estate described in the contract between the appellants and appellees at public auction. Part one referred to in the contract between appellants and appellees was a triangular tract of three acres, more or less, and part two consisted of

twenty-six acres, more or less, and both tracts were struck off to a purchaser, one Tony Mathia, as one unit for the sum of $14,010.00, the sum of $1500.00 having been bid for part one and the sum of $12,500.00 having been bid for part two. Subsequent to the auction sale the heirs and survivors of the original four heirs entered into an agreement with the purchaser at such auction for the sale of such real estate.

The appellants by their assignments of error contend that by reason of the agreement with the appellees dated February 27, 1937, they were in equity entitled to one-half of the proceeds from the sale of part two, which included the one-fourth interest held by the appellees, and that by the use of the words "providing it is within their power and right so to do" they are relieved from the obligation to convey parcel one to the appellees except the one-fourth part to which they held title; and they urge that the appellants were not required by such contract to convey the interest in part one which they did not have authority to convey; that such promise to convey was upon the conditions stated, and did not carry with it an absolute obligation to convey. The appellants contend that the language of the contract is plain and unambiguous and that extrinsic evidence is unnecessary to determine the meaning of the contract. The appellants further contend that by reason of the circumstances shown by the record they were excused from tendering a conveyance of their one-fourth interest in part one to appellees.

Appellants first challenge the sufficiency of the evidence to sustain the judgment of the lower court. The lower court rendered judgment for the appellees, defendants below, except that an equitable lien was impressed upon the proceeds arising from the sale of the real estate in controversy in favor of

the appellants in the amount of $750.00. Such finding and judgment was negative as to the appellants who had the burden of proof. A negative decision may not be attacked upon the ground that there is a lack of evidence to sustain it. *Leckrone* v. *Lawler* (1954), 125 Ind. App. 35, 118 N. E. 2d 321; *Myers* v. *Brane* (1944) 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

Appellants by their further assignment of error and motion for a new trial contend that the decision of the court below was contrary to law. We must therefore determine whether the appellants were entitled to relief under the evidence which was denied them by the trial court.

In the instant case we have a situation where the appellees agreed to convey their interest in part two of such real estate to the appellants in consideration of certain advancements and differences owing the appellants on previous exchanges of real estate, and appellants as a further consideration to appellees, agreed on their part to convey part one of such real estate, providing it was within their "power and right so to do." Later, the appellants and appellees, with other heirs holding interest in parts one and two, agreed to, and did, sell the real estate, which was the subject of the agreement between appellants and appellees, to a third party at public auction. By reason of the fact that the parties by mutual agreement sold this property at public auction, neither appellants nor appellees were in a position to specifically perform or specifically enforce the contract as far as the particular tracts of real estate were concerned. However, in the court below, appellants attempted by the present suit to enforce the provisions of the original agreement between appellants and appellees as against the proceeds

of the sale of the land. The question arises whether they are entitled to have the court impress upon the proceeds from the sale of the two tracts of real estate the interests of the parties in such tracts of real estate as established by the original agreement between them. The parties to this appeal inferentially concede that the questions arise herein by virtue of a dispute over interpretation of the contract between them dated February 27, 1937, and that whether appellants are entitled to the relief sought must be determined upon the principles governing specific performance of contracts. While equity will follow property in whatever form it may assume in order to secure it for the person entitled thereto, *McGuffey* v. *McClain et al.* (1892), 130 Ind. 327, 30 N. E. 296, the equitable remedy of specific performance is not available as a matter of right but it is addressed to the sound discretion of the trial court in view of all the circumstances. The application of the principle is guided by established rules of equity which are advisory rather than mandatory. Specific performance may be resisted on weaker grounds than are necessary for its maintenance, and the granting of the equitable relief of specific performance rests within the sound discretion of the trial court. *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509; *Marion Trucking Co.* v. *Harwood Trucking* (1954), 125 Ind. App. 1, 116 N. E. 2d 636; *Vawter* v. *Bacon* (1883), 89 Ind. 565; *Boldt* v. *Early* (1904), 33 Ind. App. 434, 70 N. E. 271.

Apparently the lower court proceeded upon the theory that the parties, by agreeing to sell both tracts of real estate at public auction, evinced a clear intention to abandon any requirement in the agreement between them, that they should convey the respective tracts of real estate to each other, and neither appellants nor appellees at this stage of the proceedings could have

complied with the terms of the original agreement as to the transfer of the specific tracts of real estate. Apparently the court below by its judgment attempted to do equity and justice between the parties by putting them in status quo as of the date of the execution of the original agreement.

We cannot hold as a matter of law that the trial court abused its discretion in failing to grant what amounts to specific performance of the agreement, thereby ordering, as the appellants had requested, a distribution of funds from the sale of such real estate as the interests were set forth in such agreement, by reason of the fact that there is no evidence in the record from which any reasonable inference might be drawn that the appellants ever tendered or offered to convey to appellees the one-fourth interest in part one which they owned without question, and clearly had the "power and right" to convey. Nor are circumstances shown which would have excused the appellants from such performance. There was some evidence of negotiations by appellants, after the auction sale, with the purchaser at such auction, to repurchase part one from him at a reasonable profit, in order that appellants could reconvey it to appellees. However, the record does not show that the negotiations were concluded and this evidence and the reasonable inference to be drawn therefrom, and the evidence of the other attempts made by appellants to purchase this property, fall short of establishing that appellants had complied with the covenants of the agreement which were to be performed by them. While there might be some possibility of dispute as to the meaning of the terms of the contract with reference to the duty owing by appellants to appellees as to the interest of the other heirs in part one, it is not necessary to decide this question since

the trial court could very properly have concluded that appellants, without sufficient excuse, had failed to convey their one-fourth interest in part one to appellees as they had clearly agreed to do and had the clear power and right so to do. Their failure in this instance brings them in violation of one of the oldest and most familiar maxims "that he who seeks equity must do equity," which, under the decided cases, has been considered as the cardinal basis of every rule and doctrine of equity jurisdiction.

However, the appellants further assert in their briefs, that, if the contract was unenforceable, in equity they were entitled to interest on the sum which the court found due and owing from appellees to appellants. There appears to be merit to this contention of the appellants. The evidence shows without question that appellees were indebted to appellants in a sum at least equal to the $750.00 which the court has determined by its judgment to be owing to the appellants, and that this sum was owing to appellants at the time the original agreement was executed in 1937. A note of the appellees was cancelled in 1937, and the appellees have had full possession of certain other real estate which they received at the time of the previous exchanges of real estate, upon which real estate there has been a great appreciation and increase in value. Taking these circumstances into account, and the fact that the appellees had the full use and benefit of the consideration furnished by the appellants of at least $750.00 since 1937, it seems highly inequitable to deprive appellants of interest on such sum of $750.00 from the date of the original agreement. In *Johnston* v. *Glancy and Others* (1835), 4 Blackf. 94, the Supreme Court held that "When the specific execution of a parol contract cannot be decreed, by reason

of the vendor's pleading the statute of frauds in bar of such decree, it is the *duty* of the Court to decree compensation to the complainant, to the amount of the purchase-money by him paid and *interest* thereon . . . ." (Our emphasis.)   While it is true that the case of *Johnston* v. *Clancy, supra,* would not alter the rule that the question of the allowance of interest under the circumstances shown by the record in this case is a matter which rests in the sound discretion of the trial court, *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 179 N. E. 6; *Maris* v. *Masters* (1903), 31 Ind. App. 235, 67 N. E. 699, it would appear that the trial court abused its discretion in refusing to allow interest to the appellants, and whether the amount allowed consisted of principal or interest, it is subject to review by this court, and may be set aside by this court on appeal upon a proper showing that the lower court has abused its discretion as to the amount of such allowance.   An abuse of discretion has been defined as an erroneous conclusion and judgment which is clearly against the logic and effect of all the facts and circumstances before the court.   *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752.

It seems apparent in the instant case when the court awarded appellants the sum of $750.00 that it would be inequitable and against the logic and effect of all the facts and circumstances before the court to deny such appellants interest on such sum from the time the appellants received the benefits of such consideration, and the court, therefore, abused its discretion in refusing to allow interest to appellants.

For the reasons given herein, the judgment is affirmed in part and modified in part, and this cause is remanded to the trial court with instructions to such court to modify its judgment in the following particular, to-

·wit: that said judgment be modified to read that appellants recover from the appellees the sum of $750.00 with interest at six per cent from February 27, 1937, to the date of such judgment, as an equitable lien upon the appellees' share of the proceeds of the real estate in question; and that the Lake City Bank be ordered to pay the appellees one-fourth of such proceeds less the sum of $750.00 and interest on such sum of $750.00 from February 27, 1937, to the date of such judgment; and to pay to the appellants one-fourth of such proceeds of such sale plus the sum of $750.00 and interest on such sum of $750.00 from February 27, 1937, to the date of such judgment. Upon the modification of such judgment by the court below, the judgment so modified is affirmed.

NOTE.—Reported in 126 N. E. 2d 785.