KIELCZEWSKI ET AL. *v.* ROCHWALIK ET AL.

[No. 18,681.   Filed December 19, 1955.   Rehearing denied January 27, 1956.]

*J. Edward Barce,* of Kentland, *Walter Nowicki, Edward J. Raskosky* and *George Kohl,* all of Hammond, for appellants.

*Friedrich, Petrie & Tweedle,* of Hammond, and *Sammons & Sammons,* of Kentland, for appellees.

CRUMPACKER, J.—On December 3, 1947, Mary Rochwalik filed an amended complaint in a suit then pending in the Lake Superior Court wherein she sought a decree ordering Joseph Kielczewski and Antonina Kielczewski, husband and wife, to convey to her certain real estate which she claimed to have purchased from said Kielczewskis under an oral contract of sale with the terms of which she had fully complied. Said amended complaint alleges in substance that on April 18, 1946, said Kielczewskis were the owners in fee simple of the following described real estate in Lake County, Indiana, to-wit: Lot "C" in Resubdivision of Lot "B" in Krapac Addition to the City of Hammond, said county and state. That on said April 18, 1946, she, then Mary Patka and now Mary Rochwalik by subsequent marriage, entered into an oral contract with the Kielczewskis under the terms of which they agreed to convey the above described real estate to her for the sum of $1,000 payable as follows: $100 down and the balance in installments at such time and in such amounts as

she was able to pay provided the entire purchase price was paid in three years. That pursuant to such contract she made the down payment and took possession of the premises and has remained in possession thereof ever since during which time she made valuable and lasting improvements thereon. That in accordance with said agreement she has made installment payments totaling, with the down payment, the sum of $705 and on June 28, 1947, well within the time the entire purchase price was due, she tendered the unpaid balance thereof in the sum of $295 to the Kielczewskis and demanded a deed which they refused and have continued to refuse to execute. That she is ready, willing and able to pay said unpaid balance in any sum and at any time the court sees fit to decree. The facts so alleged were put at issue by appropriate answers and the cause was tried to the Lake Superior Court which entered the following finding and judgment on October 22, 1948:

> "This cause having been deferred to this day, the Court now finds that plaintiff has failed to substantiate the allegations of her complaint by a fair preponderance of the evidence, and she therefore take nothing by her complaint herein, with all costs against the plaintiff.
>
> "It is Therefore Considered, Adjudged and Decreed by the Court that the plaintiff take nothing by reason of her complaint herein, and that the defendants, do have and recover of and from the plaintiff Mary Rochwalik, all costs herein."

Fortified by the above judgment Joseph and Antonina Kielczewski brought the action from which this appeal stems. They filed a complaint against Mary Rochwalik and her recently acquired husband Joseph Rochwalik in the Lake Circuit Court in which they allege that they are owners, as tenants by the entirety, of the fee simple title to the real estate herein before described. That

on or about April 18, 1946, Mary Patka, now Mary Rochwalik, entered into possession of said real estate under an oral agreement with Joseph Kielczewski to purchase the same, to which agreement, however, his wife Antonina was not a party and who has never agreed to sell said property to either Mary Rochwalik or her husband Joseph. That said Mary Rochwalik breached her agreement, under which she went into possession of said property, by failure to pay the purchase price thereof within the time agreed upon to-wit, three weeks, and that he, Joseph Kielczewski, thereupon rescinded said contract. That nevertheless Mary Rochwalik continued to occupy said premises and on June 29, 1946, married Joseph Rochwalik and since then both the Rochwaliks have continued their possession and occupancy thereof but have refused to pay any rent therefor or surrender possession thereof upon many demands. The complaint then recites a short description of the specific performance suit brought by Mary Rochwalik in the Lake Superior Court and the judgment therein, all of which we have heretofore set out in detail. "In spite of said judgment," the complaint alleges, the Rochwaliks unlawfully persist in occupying said premises and to deprive the Kielczewskis of possession thereof. The prayer is for possession and damages.

The Rochwaliks, the defendants below, filed answer to the above complaint in conformity to Rule 1-3 which has no significance in this appeal except that it contains the following admission: "Defendants admit that allegation in plaintiff's Sub-paragraph 1 of Paragraph 1 which says that since June 27, 1946, plaintiffs are the owners in fee simple as tenants by the entirety of the real estate therein described." The Kielczewskis, the

plaintiffs below and the appellants here, make a point of this upon which we will comment later.

In addition to the answer under Rule 1-3 the appellees filed three paragraphs of answer which they designate as counterclaims and to which replies in denial were filed. Upon a change of venue the case went to the Newton Circuit Court for trial where said court found for the appellees and against the appellants on their complaint. The court further found for the appellees on the second paragraph of their counterclaim, that they own the entire equitable and legal estates in the real estate involved and are the owners in fee simple thereof and are entitled to have their said title forever quieted against the appellants. Judgment consistent with these findings was entered in due course.

The appellants attack the court's decision on the second paragraph of the appellee's counterclaim, which in effect is a cross-complaint to quiet title, on two grounds. First, they say that said decision is contrary to law because the appellees admit, by their answer under Rule 1-3, that the appellants, since June 27, 1946, have been the fee simple owners of the real estate involved. That there is no greater estate in nor a more valid claim to real estate than a fee simple title thereto and a suit to quiet title will not lie to dispose of valid interests even though the appellees have some valid rights with the appellants in the land in controversy. *Sawyer* v. *Kleine* (1948), 118 Ind. App. 616, 82 N. E. 2d 533; *Johnson* v. *Murray, Administrator* (1887), 112 Ind. 154, 13 N. E. 273. There may be some technical merit to this contention but a consideration of all the pleadings in the case convinces us that the admission in question is concerned only with the title disclosed by the deed records of Lake

County and not with the appellees' actual estate in the property.

Secondly, the appellants contend that there can be no valid finding for the appellees on their counterclaim to quiet title because all the issues thereby presented to the court for determination had already been adjudicated against them by the decree of the Lake Superior Court in the specific performance suit which we have heretofore described in detail. A comparison of the appellee Mary Rochwalik's complaint for specific performance and her present counterclaim to quiet title leaves no room for doubt that she alleges, in legal effect, exactly the same facts as grounds for each. In the first instance she failed to prove them to the satisfaction of the court and in her present endeavor she did.

It is fundamental, we think, that facts or questions which were in issue in a former action and were there judicially determined are conclusively settled by a judgment rendered therein, and that such facts or questions become *res adjudicata* and may not be litigated in a subsequent action between the same parties or their privies regardless of the form the issue may take in the subsequent action. 30 Am. Jur., Judgments, §178, p. 920. See also *Mutual Benefit Life Ins. Co.* v. *Bachtenkircher, Rec.* (1935), 209 Ind. 106, 198 N. E. 81; *Cutler* v. *Cox* (1828), 2 Blckfd. 178. This principle of law is clearly applicable to the present situation. In her suit for specific performance the appellee Mary Rochwalik relied upon the same facts upon which she now relies to quiet her title to the real estate involved. The factual issues in both proceedings were substantially the same and were found against her in the first suit and are therefore *res adjudicata.*

The appellees maintained, however, that the finding and judgment in the specific performance suit do not

show that said cause was decided upon its merits. That the equitable remedy of specific performance is guided by equity rules which are advisory rather than mandatory. That it is not available as a matter of right and may be resisted on weaker grounds than are necessary for its maintenance and the granting of such relief rests in the sound discretion of the court. *Marion Trucking Co.* v. *Harwood Trucking* (1954), 125 Ind. App. 1, 116 N. E. 2d 636; *Parks* v. *Koser* (1955), 125 Ind. 585, 126 N. E. 2d 785. Therefore they say the court may have concluded that Mary Rochwalik, when she sought the specific performance of her contract, did not come into court with clean hands or had not done equity herself or, by the application of other equity maxims, decided, in its discretion, to refuse the remedy without reference to the truth or falsity of the facts alleged by said appellee in stating her case. This contention seems untenable to us. The court found "that plaintiff has failed to substantiate allegations of her complaint by a fair preponderance of the evidence and she therefore takes nothing by her complaint herein." Thus the very language of the finding forecloses the idea that it might have been prompted by a consideration of matters appealing to the court's discretion but not involving an actual decision on the facts essential to said appellee's case. "The general rule is that a judgment, in a former action, based upon an insufficiency of evidence, is sufficient to support the application of the doctrine of *res adjudicata.*" 30 Am. Jur., Judgments, §213, p. 948.

The appellees insist, however, that the question of *res adjudicata* is not before us as it was not specifically pleaded in answer to their counterclaim to quiet title. This court has fully answered that question by its decision in *Sawyer* v. *Kleine, supra,*

wherein we said: "It has always been held in Indiana that under the general denial in quiet title suits the defendant may give in evidence all defenses he may have, either legal or equitable. (Citing cases.) Under Rule 1-3 the answer filed in this case entitled the appellant to all defenses heretofore available under the general denial, and so the appellant was entitled to prove any equitable defense to appellee's complaint that she might have." Although the appellees label their action to quiet title a paragraph of answer it is in effect a cross-complaint to which the appellant answered under Rule 1-3. This made the defense of *res adjudicata* available to them.

It is apparent from what we have said above that the judgment for the appellees on the second paragraph of their counterclaim to quiet title must be and is herein reversed and, it being evident that the issues joined thereon are *res adjudicata*, a retrial thereof could be of no avail.

The appellants attack the judgment against them on their complaint on the theory that the appellees assert right to possession of the property involved only by virtue of an oral contract of sale fully performed by them and breached by the appellants and for no other reason. That said oral contract and its alleged breach were before the Lake Superior Court in Mary Rochwalik's specific performance suit and said court found against her in all particulars and therefore it inevitably follows that her possession thereof is wrongful. We agree with the appellants in such contention and therefore the judgment against them on their complaint is reversed with instructions to enter an appropriate judgment for the appellants thereon.

In all of this litigation it is admitted that the appellee Mary Rochwalik went into the possession of this prop-

erty on or about May 8, 1946, under an oral contract whereby she agreed to purchase the same for $1,000, and that she paid $100 down and installment payments to May 15, 1947, totaling $675. However, the appellants claim that on May 18, 1947, they refused to accept further installment payments because the contract was in default and demanded payment of the balance of the purchase price in full together with advanced taxes, insurance, water rents and interest, all of which the appellees refused to pay. What the appellees' rights may be, if any, under said facts have never been adjudicated except as to title and possession. The appellees made claim to rights in the nature of those of an occupying claiment by the third paragraph of their counterclaim but the court made no finding in reference thereto and entered no judgment thereon. It is therefore ordered that no execution shall issue on the appellants' judgment for possession until the court disposes of the issues raised by the appellees' third paragraph of counterclaim and the answer thereto and in the event there is a judgment for the appellees thereon no such execution shall issue until said judgment is paid or satisfied.

## On Petition for Rehearing

CRUMPACKER, J.—The appellees' petition for a rehearing of this appeal suggests the possibility that our position in the matter was not stated in our initial opinion as clearly as it might have been. We attempted to say that the appellee Mary Rochwalik's suit for specific performance, tried to judgment in the Lake Superior Court and her action to quiet title, tried to judgment in the Newton Circuit Court, are the same and identical law suits between the same parties, counting on the same facts and seeking the same relief. Where the primary object of an action

to quiet title to real estate is not to remove a cloud on the owner's legal title but rather to vindicate an equitable title as against a bare legal title held by another, the remedy is a conveyance of such legal title to the equitable owner thereof. 44 Am. Jur., Quieting Title, §72, p. 58; *Blake* v. *O'Neal* (1908), 63 W. Va. 483, 61 S. E. 410. The primary object of the appellee's suit for specific performance was identically the same— the vindication of her equitable title as against the bare legal title held by the appellants and relief by deed.

> "The application of the doctrine of *res judicata* to identical causes of action does not depend upon the identity or differences in the forms of the two actions. A judgment upon the merits bars a subsequent suit upon the same cause, though brought in a different form of action, and a party therefore cannot, by varying the form of action or adopting a different method of presenting this case, escape the operation of the principle that one and the same cause of action shall not be twice litigated." 30 Am. Jur. Judgments, Sec. 175, p. 919. *Cutler* v. *Cox* (1828), 2 Blackford (Ind.) 178.

The appellees insist however that by reason of the nature of suits in equity we have no right to assume that the judgment against Mary Rochwalik in her suit for specific performance adjudicated the merits of the controversy. That the court may have concluded that the suit was prematurely brought; that there was an adequate legal remedy or that the appellee herself was not doing equity under the circumstances, etc., and therefore denied relief without consideration of the actual facts in issue. There is nothing in the record that remotely suggests that the court's judgment was prompted by anything but a consideration of the case on its merits and, as was said in *Carter* v. *Schrader* (1919), 187 Iowa 1245, 175 N. W.

329: "In equity, where no more is said, the dismissal of the petition is a dismissal on the merits. In an equity suit, as in every other, there is a presumption that all decisions are on the merits." Furthermore it is the rule that "a decree refusing specific performance, if intended merely to deny specific performance and to remit parties to their remedy at law (in this case an action to quiet title) without prejudice to such action, should be definite in that respect." 18 C. J. S., Specific Performance, §168, p. 799.

Finally the appellees complain that we erred in holding that the appellants' right to possession was adjudicated in their favor by the judgment in the specific performance suit. We think the appellees have misconstrued the effect of our holding in that respect. Right of possession was not an issue in that case and was not adjudicated by the judgment therein. However, the appellants' complaint in the second action pleads a case for the possession of the real estate involved which the appellees defended solely on the ground that they are in possession thereof by virtue of an oral contract of purchase with the terms of which they have fully complied. Some of the essential facts constituting this defense were, in effect, repudiated by the judgment in the specific performance suit. This did not determine the appellants' right to possession but, as there was no other defense urged, the situation compels the conclusion that the appellants, being the owners of the legal title to said real estate, are entitled to the possession thereof effective when the appellees' rights under the third paragraph of their counterclaim have been adjudicated.

Petition for rehearing denied.

NOTE.—Reported in 130 N. E. 2d 785.

Rehearing denied 131 N. E. 2d 469.